CLARK v. DICKEY.

4-3661

Opinion delivered January 21, 1935.

*C. B. Nance,* for appellant.

*R. V. Wheeler,* for appellee.

JOHNSON, C. J. In 1930 appellee, B. G. Dickey, was, by Renfroe Turner, the then county judge of Crittenden County, Arkansas, appointed curator of the estate of Charlie Lewis Townes, a non-resident minor, said estate consisting of 1925 acres of land of which 1,200 or 1,400 acres were in cultivation. Appellant, C. M. Clark, is the curator in succession. Subsequently, in the early part of 1931 Dickey, as curator, rented the minor's lands to

Turner, for the year 1931, but no rent was paid by Turner, although the record reflects that he produced approximately 300 bales of cotton that year. In September, 1931, Dickey, as curator, pursuant to § 5031, Crawford & Moses' Digest, leased all the minor's lands in Crittenden County to Turner for a period of five years and this lease contract was duly approved by Judge Oliver, the then county judge of Crittenden County, as required by law.

This lease provided that Turner, the lessee, would pay to Dickey, curator, $3,000 per annum as rental on the leased premises in any event. Acting under the lease contract, Turner cultivated the lands in 1932 but produced only 96 bales of cotton and Dickey, curator, collected no rents for that year, because, as he now contends, he was required to waive rentals to get the lands cultivated. In the early part of 1933 Dickey, as curator, filed his annual report and settlement of his stewardship of said estate and claimed credit thereon for the yearly rental of $3,000 for 1932 upon the theory that he was required to waive rentals to induce third parties to furnish Turner money and supplies to make the crop. The curator in succession, by his attorneys, filed exceptions to the report thus filed, and, upon hearing in the probate court, Dickey's claim for credit on account of the waiver was denied, and thereupon a judgment was entered against Dickey and the sureties on his bond for the basic rental of $3,000 for the year 1932. Dickey prosecuted an appeal from the probate court order to the circuit court of Crittenden County wherein a trial was had *de novo* which resulted in allowance of Dickey's claim, and this appeal is therefrom.

The sole question presented for determination is, was the trial court justified in allowing Dickey, as curator, his claimed credit of $3,000 based upon his waiver of rents for the year 1932? Section 1 of act 92 of the General Acts of 1931 provides:

"That executors, administrators, guardians, trustees, the State Bank Commissioners and receivers operating under proper orders of any court of competent jurisdiction shall have the right and authority for a pe-

riod of two years from and after the passage of this bill to waive rents for, and on behalf, of the estates represented by them, and, where deemed necessary and expedient by them, to indorse promissory notes, or other negotiable instruments, for the purpose of obtaining necessary moneys and/or advances with which to plant, cultivate and harvest crops to be grown upon the lands in their hands and/or possession, and, where such waivers or indorsements are made by them, same shall be effectual and binding upon their respective estates,'' and, the contention is that the section of the act just quoted authorized the waiver of rentals by the curator for the year 1932. It may be said that, prior to the passage and approval of act 92 of 1931, curators and guardians were without statutory authority in this State to waive rentals upon their trust estates. Therefore, Dickey's justification in waiving rentals for the year 1932 must be measured by the quoted act.

The testimony presented upon trial in reference to the waiver of rentals by Dickey for the year 1932, when viewed in the light most favorable to appellee, is to the following effect:

It was impossible for Turner, the lessee, to cultivate the lands of the estate in 1932 without waiver of rentals, because no one in that vicinity would make advances of money or supplies without such waiver, and the practice was universal in that section of the State during this period of time for landowners to waive rentals to induce third parties to furnish moneys and supplies. This testimony is amply sufficient to show the good faith of Dickey in waiving the rentals for 1932. See *Lee* v. *Beauchamp,* 175 Ark. 716, 300 S. W. 401. But this is not the decisive question presented. The burden of proof was upon Dickey, as curator, not only to establish his good faith in the premises, but that he complied with § 1 of act 92 of 1931, heretofore quoted. It will be noted that the section of the act referred to does not authorize or impower curators or guardians to waive rentals, acting alone, but such power and authority emanates from ''the proper orders of any court of competent jurisdiction.'' Therefore the curator must establish that the jurisdiction

of a court of competent jurisdiction was invoked and exercised in this behalf before he is justified in claiming the right asserted. On this point it may be said that no effort was made to show that the jurisdiction of the probate court of Crittenden County was invoked or exercised in reference to Dickey's waiver of rentals for the year 1932. No petition was filed praying such authority; no court order was entered upon the records of said court showing the exercise of jurisdiction upon the subject-matter; indeed, no order was ever even filed with the clerk of the probate court of Crittenden County showing or tending to show the exercise of jurisdiction by the probate court upon the subject-matter. It is true, the county judge was approached and signed a paper authorizing the waiver of rentals by Dickey, as curator, for the year 1932, but this is no compliance with the act of 1931. The statute expressly refers to court orders and not to orders effected by the judges of courts in vacation. Therefore, the act of the county judge in the premises is no justification.

For the reasons stated, the judgment is reversed, and the cause remanded for a new trial.