JACKSON COUNTY AGRICULTURAL CREDIT CORPORATION *v.* EMRICH.

4-4089

Opinion delivered January 13, 1936.

*Fred M. Pickens,* for appellant.

*Joe C. Barrett,* for appellee.

JOHNSON, C. J. Immediately prior to June, 1932, the South West Joint Stock Land Bank of St. Louis, Missouri, instituted foreclosure proceedings in the Poinsett County Chancery Court against Jess Brown, who owned and occupied the mortgaged lands. Subsequently on June 25, 1932, at the instance of plaintiff in the foreclosure proceedings, a receiver was appointed to collect rents and preserve the mortgaged estate. This foreclosure proceeding progressed to a decree of foreclosure on December 4, 1933, and the sale of the mortgaged lands was effected on April 28, 1934, at which sale appellee William Emrich became the purchaser. On April 12, 1934, Jess Brown who occupied the mortgaged premises during the foreclosure proceedings and one J. H. Schwarz who was also an occupant of said premises as tenant, effected a crop mortgage to appellant, Jackson County Agricultural Credit Corporation, upon the crop produced and to be produced upon the mortgaged premises during the year 1934 and also upon certain chattels, a description of which is not necessary to here set out, to secure an advance of $1,050. On April 13, 1934, the receiver applied to and was authorized by the chancellor of the district in which the foreclosure action was pending to waive rentals upon crop produced upon the mortgaged land in 1934 to enable the tenants Brown and

Schwarz to produce said crop. Brown and Schwarz produced a crop of rice upon the mortgaged premises, which was surrendered to appellant as mortgagee, and by it sold, and the proceeds applied in satisfaction of its mortgage debt. This suit was instituted by appellee, William Emrich, against appellant and others, alleging a conversion of the rice crop and to recover rentals for 1934. Appellee succeeded upon trial in the lower court, and this appeal comes from that decree.

The sole question presented on this appeal is the validity of the vacation order of the chancellor authorizing and directing the receiver to waive rentals on the mortgaged premises in 1934. If this order is valid, appellant should succeed on this appeal; otherwise not.

Appellee's contention is, and the lower court so decided, that chancellors or chancery courts in this State have no power or authority to direct receivers to waive rentals on mortgaged premises since the expiration of act 92 of 1931. Moreover that, if such authority exists in law, it is lodged in the courts, and not in the chancellors in vacation.

By § 8615 of Crawford & Moses' Digest it is expressly provided:

"The receiver has, under the control of the court, power to bring and defend actions, to take and keep possession of the property, to receive rents, collect debts, and generally do such acts respecting the property as the court may authorize."

The language employed, "and generally do such acts respecting the property as the court may authorize," is express statutory authority for the chancery courts of this State to make all necessary orders in reference to the mortgaged premises as may be necessary to preserve the mortgaged estate, and this certainly includes the power or authority to waive rentals to the end that the mortgaged premises may be cultivated and kept in a state of cultivation. The case of *Clark* v. *Dickey,* 190 Ark. 192, 78 S. W. (2d) 824, cited and relied upon by appellee is not opposed to these views. There we were dealing with a statute which expressly limited the exercise of

power by a guardian or a curator in the manner therein prescribed.

The next question for consideration is: May this order be made by the chancellor in vacation? By § 8600 of Crawford & Moses' Digest chancellors are expressly authorized to appoint receivers in vacation, and by § 8609 they are expressly authorized to remove receivers in vacation. By § 8610, *supra,* chancellors are expressly authorized to require reports from receivers in vacation; to examine same and allow expenses of administration including disbursements of funds in receivers' hands.

The express powers granted by the statutes, cited *supra,* to effect appointments of receivers in vacation; to compel reports of receivers in vacation; to remove receivers in vacation; to examine reports and allow expenses of receivership in vacation; to disburse funds in receivers' hands in vacation, impliedly confer power upon chancellors in vacation to make necessary orders for the preservation of the property in the receivers' hands, and this was the necessary implication of the vacation order directing the receiver to waive rentals for 1934 upon the lands in the receiver's possession.

It follows from what we have said that the court erred in holding that the vacation order directing the receiver to waive rentals was invalid and in holding that appellee's claim for rentals for 1934 was superior to appellant's mortgage, and the cause must be reversed and remanded for this reason.

Upon remand the lower court is directed to enter a decree conforming to the views heretofore expressed, and in addition should direct a marshaling of assets and a foreclosure of appellant's mortgage upon all chattels mentioned therein for the benefit of appellee.