DICKEY *v.* CLARK.

4-4127

Opinion delivered January 27, 1936.

*John A. Fogleman* and *R. V. Wheeler,* for appellant.
*C. B. Nance,* for appellee.

BUTLER, J.   The appellant, B. G. Dickey, was the curator of the estate of Charlie Lewis Townes, a nonresident minor, and, as such, leased the lands of his ward for a period of five years to Renfroe Turner, which lease was approved by Judge Oliver, the then county judge of Crittenden County.   The annual rental was fixed at the sum of $3,000.   Dickey executed a written waiver of the rents for 1932 in order for the lessee to secure advances to enable him to make a crop.   In his 1933 annual report, Dickey claimed credit for the rents of 1932 on the ground that the crop made for that year was consumed in the payment of the money and supplies used to make the crop, and that he collected no rent. C. M. Clark, the curator in succession, filed exceptions to the report, which were sustained by the probate court, but on appeal to the circuit court Dickey's claim was allowed.   From the decision of the circuit court, Clark prosecuted an appeal to this court which reversed the judgment of the circuit court and remanded the cause for a new trial.   *Clark* v. *Dickey,* 190 Ark. 192, 78 S. W. (2d) 824.   In that case the court quoted § 1 of act 92 of the Acts of 1931 and stated that prior to the passage of that act curators and guardians were without statutory authority to waive rents of their wards' estates, and that therefore Dickey's justification in waiving the rents of his ward must be measured by the quoted act.   The court reviewed the testimony adduced at the trial in the court below, which was to the effect that it was necessary, in order that the lessee might obtain the necessary money to enable him to cultivate the lands of the estate, that the rents should be waived; that during this period of time, because of general economic conditions, it was the universal practice in that section of the State for landowners to waive rentals as an inducement to

third parties to furnish money to the tenants to enable them to cultivate the lands. The court held that this evidence was sufficient to establish the good faith of Dickey in waiving the rentals for the year 1932, but that this was not sufficient to justify the action of the curator, and that he must, in addition, comply with the provisions of the quoted act. In that connection it was said: ''It will be noted that the section of the act referred to does not authorize or impower curators or guardians to waive rentals, acting alone, but such power and authority emanates from 'the proper orders of any court of competent jurisdiction.' Therefore the curator must establish that the jurisdiction of a court of competent jurisdiction was invoked and exercised in this behalf before he is justified in claiming the right asserted. On this point it may be said that no effort was made to show that the jurisdiction of the probate court of Crittenden County was invoked or exercised in reference to Dickey's waiver of rentals for the year 1932. No petition was filed praying such authority; no court order was entered upon the records of said court showing the exercise of jurisdiction upon the subject-matter; indeed, no order was ever even filed with the clerk of the probate court of Crittenden County showing or tending to show the exercise of jurisdiction by the probate court upon the subject-matter. It is true, the county judge was approached and signed a paper authorizing the waiver of rentals by Dickey, as curator, for the year 1932, but this is no compliance with the act of 1931. The statute expressly refers to court orders and not to orders effected by the judges of courts in vacation. Therefore the act of the county judge in the premises is no justification.''

On or about the day when this case was to be heard by the circuit court on remand, a petition was filed in the county court for an order *nunc pro tunc* for the purpose of making the record show those matters which we held had not been done. The probate court denied the petition, and from its order an appeal was taken to the circuit court where, by agreement, the appeal was consolidated with the main case.

The purpose of a *nunc pro tunc* order is to make the record reflect the transaction which actually occurred, and which is not reflected by the record because of inadvertence or mistake. Its province cannot be extended to make the record show what ought to have been done. In *nunc pro tunc* proceedings the record may be corrected or made to speak the truth upon parol testimony alone, but the evidence thus established should be decisive and unequivocal. *Midyett* v. *Kerby,* 129 Ark. 301, 195 S. W. 674; *Tipton* v. *Phillips,* 176 Ark. 308, 4 S. W. (2d) 507; *Tracy* v. *Tracy,* 184 Ark. 382; 43 S. W. (2d) 539.

On the hearing, the evidence considered by this court in *Clark* v. *Dickey, supra,* was introduced as was also the testimony of Mr. Dickey, Judge Oliver, the clerk of the probate court, and other witnesses. The trial court concluded that this evidence was not sufficient to satisfy the rule above announced, and in effect held that Dickey had failed to show a compliance with § 1 of act 92 of the Acts of 1931. It would serve no useful purpose to review the evidence adduced at the former trial or that introduced on remand, as in our opinion it supports the conclusion reached by the trial court.

Affirmed.