## MURPHY *v.* GARLAND COUNTY.

### Opinion delivered April 24, 1911.

1. COUNTIES—EFFECT OF REVERSING ORDER OF ALLOWANCE.—Where a claim was allowed against the county in the county court, and a warrant therefor was issued, and subsequently an appeal to the circuit court was prosecuted by a citizen and taxpayer, and the claim was disallowed in the latter court, the warrant previously issued under the judgment of the county court was rendered invalid. (Page 174.)

2. SAME—CALLING IN WARRANTS.—Under Kirby's Digest, § 1179, providing that "when the (county) scrip or warrant, so called in, shall be presented to the court, it shall be the duty of said court thoroughly to examine the same, and to reject all such evidences of indebtedness as in their judgment their county is not justly and legally bound to pay," it is the duty of the county court, upon calling in the county warrants, to refuse to allow a county warrant which, after its issuance, was invalidated by the order of the circuit court on appeal. (Page 175.)

Appeal from Garland Circuit Court; *W. H. Evans,* Judge; affirmed.

*C. Floyd Huff,* for appellant.

*James B. Wood,* for appellee.

McCULLOCH, C. J.   In the year 1907 the county judge of Garland County entered into a contract with appellant, M. J. Murphy, to install the heating plant of the county jail for the agreed price of $2,125.00, he being the lowest bidder. Appellant, after doing the work, filed his claim with the county, which was duly allowed on September 19, 1907, and warrants were issued on the treasury. On the next day, September 20, 1907, S. A. Buchanan, a citizen and taxpayer of that county, intervened in the matter, and filed his affidavit and bond for appeal to the circuit court, which was granted. On trial in the circuit court the claim was disallowed, the circuit court holding that the contract was void for the reason that the letting of the contract was not properly advertised, that it was not let publicly, and that it was not made by the county court but by the county

judge in vacation. The county judge prayed an appeal to this court, but the same was dismissed here because, the judgment being in favor of the county, it could not appeal. *Sumpter* v. *Buchanan*, 88 Ark. 118.

Murphy, the appellant in the present case, did not appeal. In the meantime, on December 2, 1907, the county court entered an order, as of June 8, 1907, awarding the contract to appellant for the sum named. After the dismissal of said appeal by this court appellant went into the county court and filed another claim for his work and material in installing the heating plant, and that court rendered a judgment disallowing the claim, and appellant took the case to the circuit court by appeal. On March 26, 1909, the county court made an order calling in all outstanding warrants for re-issuance, and pursuant to the call appellant presented his warrants, which had been issued to him under the order of allowance of September 19, 1907. The court rejected appellant's warrants, and ordered the same cancelled, from which order an appeal was prosecuted by this appellant to the circuit court, where the proceeding was consolidated with the other case wherein the county court had disallowed appellant's claim. A trial of the two proceedings resulted in a judgment of the circuit court adverse to appellant, and he prosecutes an appeal to this court.

The judgment of the circuit court on Buchanan's appeal was a final adjudication of appellant's right to recover from the county for his work and material furnished under the alleged contract. No appeal was prosecuted from that judgment, and it is conclusive of all matters which were thus adjudicated. The appeal from the county court was prosecuted by a citizen and taxpayer, who had the right to so prosecute it from a judgment allowing a claim against the county. Constitution of 1874, art. 7, § 50; *Armstrong* v. *Truitt*, 53 Ark. 287; *Bowman* v. *Frith*, 73 Ark. 523.

The judgment of the circuit court disallowing the claim rendered invalid the warrants previously issued under the judgment of the county court; and when they were presented to the county court for re-issuance, that court properly rejected them. The statute provides that "when the scrip or warrants so called in shall be presented to the court, it shall be the duty of said

court thoroughly to examine the same, and to, reject all such evidences of indebtedness as in their judgment their county is not justly and legally bound to pay, subject to appeal to. the circuit court." Kirby's Digest, § 1179.

The county court should not have re-issued the warrants, nor made a new allowance of appellant's claim, for the judgment of the circuit court was an adjudication which precluded that. The evidence in the present record tends strongly to establish the justness of appellant's claim, but his failure to appeal from the adverse judgment of the circuit court leaves him without any right to have the question again adjudicated.

Affirmed.