McPHERSON *v.* CONSOLIDATED CASUALTY COMPANY OF

ARKANSAS.

Opinion delivered November 18, 1912.

1. APPEAL AND ERROR—FINAL JUDGMENT.—An order setting aside a judgment by default is not final or appealable. (Page 325.)

2. SAME—APPEAL FROM ORDER GRANTING NEW TRIAL.—If an order setting aside a default judgment may be considered an order granting a new trial, an appeal therefrom will not lie under Kirby's Digest, § 1188, "unless the notice of appeal contains an assent on the part of the appellant that if the order be affirmed judgment absolute shall be rendered against appellant. (Page 326.)

Appeal from Craighead Circuit Court, Jonesboro District; *W. J. Driver*, Judge; appeal dismissed.

## STATEMENT BY THE COURT.

J. M. McPherson, as administrator of the estate of Albert McPherson, deceased, sued the Consolidated Casualty Company and the sureties upon the bond which it gave to do business in this State, in the Craighead Circuit Court upon a certain policy of insurance set out in the complaint. It was alleged that plaintiff's intestate was entitled to certain indemnities on account of his illness prior to his death. The defendant failed to answer or otherwise plead, and on the fourth day of the term the court awarded judgment for the want of an answer for the amount sued for. Defendant's attorney, who lived at Pine Bluff, filed an affidavit in which he stated that he had never practiced in the Craighead Circuit Court, and was unacquainted with the terms of that court; that he had made inquiry and had been misled as to the date of this court. The plaintiff, however, was in no manner responsible for this misapprehension. On the day of filing this affidavit, the defendant also filed an answer controverting all the material allegations in the complaint, and especially pleaded, as a bar to any recovery, the intestate's failure during his illness to have reports made as it alleged was required by the terms of the policy of insurance. It also alleged that in the lifetime of the intestate it had paid to him all sums of money for which it could be liable under the policy. The court below treated this answer as a motion to vacate, and set aside the default judgment, and entered an order to that effect. Plaintiff excepted to the action of the court setting aside the default judgment, and prayed an appeal, which was granted.

*Basil Baker,* for appellant.

*Hawthorne & Hawthorne* and *Danaher & Danaher,* for appellee.

SMITH, J., (after stating the facts). This appeal must be dismissed for the reason that it was prematurely taken.

Cases can not be tried by piecemeal, and one can not delay the final adjudication of a cause by appealing from the separate orders of the court as the cause progresses. When a final order or judgment has been entered in the court below determining the relative rights and liabilities of the respective parties, an appeal may then be taken, but not before. No such final

judgment has been entered here, and the appeal must be dismissed.

In the case of *Ayers* v. *Anderson-Tulley Co.*, 89 Ark. 162, it was said: "It is only from final judgments and decrees which conclude the rights of the parties with respect to the subject-matter of the controversy that appeals may be taken to this court, and it must be conceded that an order vacating a judgment or granting a new trial made in the term at which the judgment was rendered is not appealable, except on the terms prescribed by the statute." The statute referred to is section 1188, Kirby's Digest. And in this case, even if the action of the court below was equivalent to the granting of a new trial, that action of the court could not be reviewed on an appeal "unless the notice of appeal contains an assent on the part of the appellant that, if the order be affirmed, judgment absolute shall be rendered against appellant." The language quoted is from the second subdivision of section 1188, Kirby's Digest. No such notice was filed in this case, and for this reason, if for no other, this appeal must be dismissed. And in the case last cited the following language was used in quoting from the case of *Huntington* v. *Finch*, 3 Ohio St. 444; "The Ohio court in construing a statute similar to the one prevailing in this State, with reference to appeals, said: 'The Court of Common Pleas has ample control over its orders and judgments during the term at which they are rendered and the power to vacate or modify them in its discretion. But this discretion ends with the term, and no such discretion exists at a subsequent term of the court.' " See also Vol. 1 Crawford's Digest, Appeal and Error, I, d.    *Womack* v. *Connor*, 74 Ark. 354; *Gates* v. *Solomon*, 73 Ark. 8; *Osborn* v. *LeMair e*, 82 Ark. 490; *Sanders* v. *Plunkett*, 40 Ark. 507; *Mallett* v. *Hampton*, 94 Ark. 119.

Appeal dismissed.