HAWKEYE TIRE & RUBBER COMPANY v. McFARLIN.

Opinion delivered December 13, 1920.

1. JUDGMENT—POWER OF COURTS TO VACATE.—Courts of general jurisdiction have inherent power, during the term at which judgments or orders are rendered, to set aside, vacate and annul them.

2. APPEAL AND ERROR—ORDER VACATING JUDGMENT NOT APPEALABLE.—An order vacating a default judgment at the term during which it was rendered is not a final or appealable order, nor does Kirby's Digest, § 1188, relating to appeals from orders granting new trials, apply to such an order.

3. STIPULATIONS—AGREEMENT TO ABIDE BY DECISION.—Kirby's Digest, § 1188, providing that appeals from orders granting new trials shall not be effectual unless appellants consent that judgment absolute may be rendered against them if the orders are affirmed, is not applicable to orders vacating default judgments, and such stipulations are not binding.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk,* Judge; appeal dismissed.

*Carmichael & Brooks,* for appellant.

1. The court had the right to set aside the default judgment, regularly and properly entered, without any showing whatever. 102 Ark. 255; 90 Ark. 86-7; 123 *Id.* 446.

2. The court has the inherent power and discretion to set aside a judgment on its own motion. Kirby's Digest, § 1188.

3. An order setting aside a default judgment is a final judgment from which an appeal lies. 104 Ark. 45; 105 *Id.* 324; 27 Ark. 296; 107 *Id.* 422; 122 *Id.* 262; 131 *Id.* 90.

4. If the court has inherent power to set aside judgments by default they would be of no value whatever. Here no meritorious defense was shown. When appellant files a stipulation under § 1188, Kirby's Digest, the

judgment setting aside the default judgment is final and here there was no showing made that justified the court in setting aside the default judgment.

*Hendricks & Snodgress,* for appellee.

An order from the circuit court setting aside a default judgment during the term is not appealable, even though appellant complies with Kirby's Digest, § 1188. 105 Ark. 324. The court has plenary power in setting aside judgments during the term. 23 Cyc. 901; 15 R. C. L. 690; 27 Ark. 296; 6 *Id.* 100; 107 *Id.* 421; 129 *Id.* 304; 105 *Id.* 326. The appeal should be dismissed.

HUMPHREYS, J. This is an appeal from a judgment rendered on the 8th day of May, 1920, in the Second Division of the Pulaski Circuit Court, setting aside a default judgment rendered on April 7, 1920, which was a regular day of the same term of court, wherein appellant was plaintiff and appellee was defendant. The suit was commenced by appellant against appellee in the Second Division of the Municipal Court of Little Rock by filing an itemized account in the total sum of $142.57 for automobile tires ordered by, and shipped to, appellee. Appellee made a defense in the municipal court and the cause was adjudged in his favor, from which judgment appellant duly prosecuted an appeal to the circuit court of Pulaski County. It is recited in the transcript of the proceedings in the municipal court, at the time of certification thereof, an unfiled paper was found among the papers in the case, stating, in effect, that appellant failed to fill the order for the tires as given, and, in the absence of appellee, delivered a bunch of worthless tires to his place of business; that the tires appellant delivered were absolutely worthless. This paper carried the style of the case and was signed by attorneys for appellee. The cause was set down for hearing, and, upon the regular call on the calendar, a default judgment was rendered on April 7, 1920, for $142.57 in favor of appellant against appellee. Thereafter, on

April 17, 1920, appellee filed a motion to set aside the default judgment and have the case reinstated for trial, stating that he had a legal and just defense to the claim which he believed would be sustained on a proper hearing and that his excuse for not appearing on the day the case was set was that he had no notice of it himself and was relying on his attorney who had represented him in the municipal court, but who was absent from the city on the day default judgment was rendered. On a subsequent day of the same term of court, the motion was sustained and the case reinstated.

The first and determining question presented by this appeal is whether a judgment of a court of record, setting aside a default judgment rendered at the same term, is a final order or judgment from which an appeal may be taken. Preliminary to a determination of this question, it may be said that this court is committed to the doctrine that courts of general jurisdiction have inherent power, during the term at which judgments or orders are rendered, to set aside, vacate and annul them. *Wells Fargo & Co.* v. *Baker Lbr. Co.,* 107 Ark. 415; *Midyett* v. *Kerby,* 129 Ark. 301. A motion to set aside a default judgment at the judgment term is not an independent action, and, when set aside, does not determine the rights of the parties. It leaves the case in the condition it was before the default judgment was rendered, with an opportunity to try the case upon its merits. This rule would not obtain had the court refused to set the judgment aside because such an order would have precluded the rights of the judgment-debtor to try the case upon its merits. In that event the judgment would have been final, and the judgment-debtor could have appealed from it. Neither would the rule obtain, had the court adjourned before a motion was filed to set the default judgment aside, for, in that event, the setting aside of the judgment would have been a determination of the vested right of the judgment-creditor in the judgment, and, in that sense, final and appealable. This court said,

in the case of *Ayres* v. *Anderson-Tully Co.*, 89 Ark. 160, on page 162, that "It is only from final judgments and decrees which conclude the rights of the parties with respect to the subject-matter of the controversy that appeals may be taken to this court." Appellant contends, however, that it became an appealable order under the provisions of the second subdivision of section 1188 of Kirby's Digest, with which it complied. The portion of the section referred to is as follows: "But no appeal to the Supreme Court from an order granting a new trial, in a case made or bill of exceptions, shall be effectual for any purpose, unless the notice of appeal contains an assent on the part of the appellant that, if the order be affirmed, judgment absolute shall be rendered against the appellant." This portion of subdivision 2 of section 1188 aforesaid has no application to vacating default judgments. It relates to new trials in cases made, which necessarily refers to trials on the merits. In passing, it may be said that appellant's agreement to abide by the judgment of the Supreme Court does not bind it because the statute authorizing such agreement has no application to default judgments.

The appeal in this case is premature and is therefore dismissed.