DEMOCRAT PRINTING & LITHOGRAPHING COMPANY *v.* VAN BUREN COUNTY.

Opinion delivered December 14, 1931.

*Garner Fraser* and *Roy D. Campbell,* for appellant.

*Opie Rogers,* for appellee.

MEHAFFY, J. During the fiscal years of 1926, 1927, 1928 and 1929, the appellant furnished the county officers of Van Buren County most of the records and office supplies used in the conduct of the business of the county. These were furnished from time to time, and the ac-

counts were filed with the county clerk for allowance against the county.

On January 20, 1930, the claim of appellant was allowed in the sum of $1,519.45. On February 8, 1930, the same term of court at which the claim was allowed, the county court entered an order vacating and setting aside its order of January 20, 1930.

An appeal was prayed from this order of February 8, to the circuit court, but when the case came on for trial in circuit court, the appellant filed a motion to quash the judgment entered by the county judge on the 8th day of February, 1930. The motion recited the judgment of January 20, 1930, allowing the claim of appellant, and stated without any just cause, the court, on the 8th day of February, 1930, vacated and set aside the order of January 20, 1930, and directed the treasurer not to pay the warrant if issued. The motion alleged that the order of January 20, 1930, was executed and a warrant delivered to the appellant, and had been in its possession since January 20, 1930, and that the court, on February 8, 1930, was without power to enter the order setting aside the order allowing the claim. The prayer of the motion was that the order of the county court made on February 8, 1930, be set aside, and that the order made on January 20, 1930, be in all respects upheld, for the reason that there was no just cause, reason or provocation for setting aside said order, and that the county court was without authority to vacate the order of January 20, 1930, because said order had been fully executed, and that the county court had no authority to amend or vacate its order which had been fully carried out and executed.

The motion of appellant to quash the order of February 8th was denied. Appellant then filed its motion for a new trial which was by the court overruled, and to reverse the judgment of the circuit court, this appeal is prosecuted.

There was considerable evidence introduced, but we think it unnecessary to set it out, since we hold that the

county court had authority to set aside its judgment during the same term of court. The judgment which appellant seeks to have quashed, simply set aside a former order allowing the claim of appellant, but it did not enter any order disallowing the claim.

Appellant contends first that no notice was given appellant that such order would be entered, and that the county court had no authority to vacate the order of January 20, 1930, without just cause or reason.

Appellant calls attention to many authorities, among which are the following. *Underwood* v. *Sledge*, 27 Ark. 296. The court in that case said: "It is well settled in this State that a court has control over its orders and judgments during the term at which they are made and for sufficient cause may modify or set them aside. * * * It is certainly good policy in the law to allow courts an hour's reflection; time to revise hasty actions, correct mistakes, and review such error as they may have fallen into for want of sufficient consideration, and to this end they have, during their respective terms, to make up their records and fully consider the propriety of their judgments, and to review and correct any mistakes, errors or indiscretions into which they may have fallen during the term, and, when such revision is had, the action of the court and the record stands precisely as if no such former mistake or erroneous judgment had ever been given or entered."

The court further said in that case that if, during the term the court, for sufficient cause or even without cause, sees fit to set aside such judgment, its benefits are lost to him in whose favor it was rendered. The court was speaking of an action of debt.

The court simply held in an action for debt, like the one here, that the court could set aside its former judgment with or without cause. It was also held in the above case that the record stands precisely as if no such former judgment had been entered.

When the county court, on the 8th of February, set aside its former order, wherein it had allowed appellant's

claim, the record stood just as if the order of January 20th had never been made. Appellant's claims were filed, and it would be the duty of the court to pass on them, and, if the county court should refuse to either allow or disallow the claims, it could be required by mandamus to do so.

The next case to which appellant calls attention is *Wells Fargo & Co.* v. *W. B. Baker Lbr. Co.,* 107 Ark. 415, 155 S. W. 122. The court in that case held that, during the whole of the term at which a judgment is rendered, it remains subject to the control of the court, and may be vacated, set aside, modified, or annulled.

Appellant calls attention to *Midyett* v. *Kerby,* 129 Ark. 301, 195 S. W. 674. In that case it was held that the court might, during the term, vacate its judgment, and that it might do so without notice, although it said the exercise of the power without notice was not to be encouraged.

The next case referred to by appellant is *Dawson* v. *Mays,* 159 Ark. 331, 252 S. W. 33, 30 A. L. R. 1463. That was a divorce case. The wife had sued for and obtained a decree for divorce, and, after the husband's death, sought to have the decree set aside in order to permit her to have dower in her deceased husband's estate. The opinion in that case has no application to the facts in the present case.

The next case relied on is *T. J. Moss Tie Co.* v. *Miller,* 169 Ark. 657, 276 S. W. 586. The court in that case said: "It is the settled public policy of this State that, during their respective terms, courts of record have complete control over their judgments and decrees, and may review and correct any mistakes or errors into which they may have fallen during the term." The court also holds in the last-named case that the record stands precisely as if no such mistaken or erroneous judgment had ever been entered. The claims of the appellant are filed in the county court, and the court will have to pass on them just as if the order of January 20, 1930, had never been entered.

The next case relied on is *Martin* v. *Street Improvement Dist. No. 349*, 178 Ark. 588. The court again announced and approved the rule that the court, during the term, had complete control over their judgments and decrees and might set them aside when good cause was shown.

Appellant calls attention to a paragraph in 15 R. C. L. 688, and quotes at length from the paragraph. The beginning of the paragraph, however, is as follows: "All courts of record have inherent power to vacate or set aside their judgments or orders during the term at which rendered. This is a power of daily exercise by courts, and its existence within proper limitations of time and propriety cannot be questioned."

It would, of course, be improper, without notice to the other party, to set aside a judgment and enter a different judgment, but in the instant case the court did not do this; it simply set aside the order allowing the claim, and left the parties just as they were before the judgment of January 20, 1930, was entered.

The court ordered that, if the clerk had issued his warrant, the county treasurer should refuse to pay it. That meant the warrant, of course, issued on the order of January 20th.

The judgment of the county court of January 20th was set aside, and this court said in *Underwood* v. *Sledge, supra*: "When an order or judgment of a court is set aside at the same term of court at which it was rendered, the whole suit or matter stands precisely as if no such consideration had been had or entered on record, and all parties interested are remitted back to such rights and remedies as they had before the making of the orders or judgments so vacated."

The appellant therefore had no right to appeal from the order of the county court setting aside its former judgment. There was no judgment there to appeal from, because, as stated by this court, the parties were remitted back, that is, they stood in the same situation that they did before the judgment of January 20th was ever en-

tered. The appellant has its claims filed and may have them passed on by the court. If the decision should be adverse to the appellant, it has the right then to appeal.

This court said, in determining whether a judgment setting aside a former judgment was final order from which an appeal might be taken: "Preliminary to a determination of this question, it may be said that this court is committed to the doctrine that courts of general jurisdiction have inherent power during the term at which judgments or orders are rendered to set aside, vacate, and annul them. * * * A motion to set aside a default judgment at the judgment term is not an independent action and, when set aside, does not determine the rights of the parties. It leaves the case in the condition it was before the default judgment was rendered with an opportunity to try the case upon its merits." *Hawkeye Tire & Rubber Co.* v. *McFarlin,* 146 Ark. 491, 225 S. W. 632.

This court also said: "It must be conceded that an order vacating a judgment or granting a new trial made in the term at which the judgment was rendered is not appealable except on the terms prescribed by the statute." *McPherson* v. *Consolidated Casualty Co. of Ark.,* 105 Ark. 324, 151 S. W. 283.

It is contended, however, by the appellant that, upon delivery of a warrant to the appellant, the judgment became fully executed, and that therefore the county court had no further control. It appears in this case that the warrant was issued by the clerk on January 20, 1930, the same day the judgment was entered. It appears also that the appellant still had the possession of the warrant.

In the case of *Murphy* v. *Garland County,* 99 Ark. 173, 137 S. W. 813, a judgment was entered by the county court, and the warrants were issued. This court said: "The judgment of the circuit court disallowing the claim rendered invalid the warrants previously issued under the judgment of the county court; and, when they were presented to the county court for reissuance, the court properly rejected them."

The judgment of the county court of Van Buren County was not executed. When the judgment was entered on January 20, 1930, the appellant was bound to know that any taxpayer might prosecute an appeal to the circuit court, and that, if the judgment was reversed, the warrant would be void. The action of the county court on February 8, 1930, was a long while before the time for appeal expired. *McLain* v. *Miller County,* 180 Ark. 828, 23 S. W. (2d) 264.

Appellant's remedy is to prosecute his claim in the county court. We find no error, and the judgment is affirmed.