DODD *v.* BONDS.

4-9853                              251 S. W. 2d 587

Opinion delivered October 13, 1952.

---

*Ben B. Williamson,* for appellant.

*Chas. F. Cole,* for appellee.

MINOR W. MILLWEE, Justice. By this appeal the appellant, John K. Dodd, seeks to question the action of the chancery court in vacating a default decree during the term in which it was rendered. A collateral issue is whether appellee, Harvey Bonds, is a missing person within the meaning of Act 71 of 1943 (Ark. Stats., §§ 58-201—203). We do not determine these issues for the reason that the appeal was prematurely taken and must be dismissed.

In his suit to quiet title, appellant obtained a default decree against appellee, Harvey Bonds, before a special chancellor on September 27, 1951, after the regular chancellor had previously sustained appellant's motion to strike appellee's answer and cross-complaint. On October 18, 1951, and during the term in which the default decree was rendered, Andrew Bonds, father of Harvey Bonds, having been appointed trustee of his son's estate pursuant to Act 71, *supra,* filed a motion to set aside the default decree. This appeal is from the order of the regular chancellor sustaining the motion to vacate and setting the cause for trial upon its merits.

The order setting aside the default decree rendered during the same term is not final or appealable. Judge HUMPHREYS clearly stated the applicable rule in *Hawkeye Tire & Rubber Co.* v. *McFarlin,* 146 Ark. 491, 225 S. W. 632, as follows: "A motion to set aside a default judgment at the judgment term is not an independent action, and, when set aside, does not determine the rights of the parties. It leaves the case in the condition it was before the default judgment was rendered, with an opportunity to try the case upon its merits. This rule would not obtain had the court refused to set the judgment aside because such an order would have precluded the rights of the judgment-debtor to try the case upon its merits. In that event the judgment would have been final, and the judgment-debtor could have appealed from it. Neither would the rule obtain, had the court adjourned be-

fore a motion was filed to set the default judgment aside, for, in that event, the setting aside of the judgment would have been a determination of the vested right of the judgment-creditor in the judgment, and, in that sense, final and appealable.''

The rule was reaffirmed in *Democrat Ptg. & Litho. Co.* v. *Van Buren County,* 184 Ark. 972, 43 S. W. 2d 1075, and *Metz* v. *Melton Coal Co.,* 185 Ark. 486, 47 S. W. 2d 803. In the earlier case of *McPherson* v. *Consolidated Casualty Co.,* 105 Ark. 324, 151 S. W. 283, Judge FRANK SMITH stated the basic reason for the rule: ''Cases cannot be tried by piecemeal, and one cannot delay the final adjudication of a cause by appealing from the separate orders of the court as the cause progresses. When a final order or judgment has been entered in the court below determining the relative rights and liabilities of the respective parties, an appeal may then be taken, but not before.''

While the parties themselves have not raised the question of the finality of the order appealed from, a more detailed statement of the facts necessary to a solution of the issues sought to be determined would only emphasize the point. If we should ignore the question in these circumstances, our decision might well be treated as a precedent in opposition to the well-settled rule.

Since no final decree has been rendered in chancery court from which to appeal, the appeal is dismissed.