VAUGHAN v. VAUGHAN.

5-465                                              270 S. W. 2d 915

Opinion delivered July 5, 1954.

[Rehearing denied October 4, 1954.]

H. B. Thorn, for appellant.

Neal Sebastian and Neill Bohlinger, for appellee.

ED. F. McFADDIN, Justice. This is an appeal from an order setting aside a judgment and granting a new trial. The determinative question is when the setting-aside order was actually made. We hold that the appellant has failed to establish that the setting-aside order was made *after* the close of the October, 1953, term.

A. M. Vaughan died intestate in Monroe County, Arkansas, in August, 1952, the owner of real and personal property. A creditor, Scott Griffith, was appointed Administrator by the Monroe Probate Court on March 30, 1953. On June 3, 1953, Louise Vaughan, (appellee

here) filed her petition in the Monroe Probate Court, claiming (a) that she was the widow of A. M. Vaughan; (b) that he died without children or other heirs; and (c) that under § 61-107, Ark. Stats., she was entitled to his entire estate in fee. This petition was granted by Court order of August 3, 1953; but the order was set aside on October 5, 1953, when Odie Valley Vaughan (appellant here) appeared and claimed to be the child of A. M. Vaughan, and entitled to the estate.

Then, on October 9, 1953, the Monroe Probate Court entered a "final decree", finding and adjudging that Louise Vaughan was not, and never had been, the legal wife of A. M. Vaughan, and that Odie Valley Vaughan was the legal son and sole surviving heir at law of A. M. Vaughan. The "final decree" was that the entire estate of A. M. Vaughan, after payment of claims and costs of administration, be vested in Odie Valley Vaughan. On December 1, 1953, Louise Vaughan filed her petition to set aside the "final decree" of October 9, 1953, claiming, *inter alia*, that it had been entered without notice to her and should be set aside and the cause tried on its merits.

Appearing at Page 80 of the transcript herein, and duly recorded in the Probate Records, there is an undated order which reads:

"Now on this day is presented to the Court in Chambers the Motion of Louise Vaughan praying that the Order heretofore entered in the Monroe County, Arkansas, Probate Court, vesting the properties of the estate of A. M. Vaughan, deceased, in the claimant Odie Valley Vaughan, be set aside; and comes Louise Vaughan by Neill Bohlinger and Neal Sebastian, and comes the claimant Odie Valley Vaughan by Hon. Harve B. Thorne and Senator G. C. Crider; and the Court, being advised on all matters pertinent thereto, doth sustain the said Motion.

"IT IS THEREFORE ORDERED BY THE COURT THAT the Order of the Monroe County Probate Court heretofore made vesting the properties of

the Estate of A. M. Vaughan, deceased, in Odie Valley Vaughan, is hereby set aside and this cause continued for further hearing hereon.

"TO WHICH FINDING of the Court, Plaintiff saves his exceptions and prays an appeal to the Supreme Court of the State of Arkansas, which is by this Court granted.

"A. L. Hutchins,
Judge of the Probate Court of Monroe County, Arkansas."

Then at Page 81 of the Transcript, there is an "Amendatory Order", which reads:

"Now on this day there comes on for further consideration the motion of Louise Vaughan praying that the order heretofore entered in the Monroe County Probate ·ourt vesting the properties of the estate of A. M. Vaughan, deceased, in the claimant, Odie Valley Vaughan and others be set aside, which motion was submitted to the Court on January 20, 1954, and by the court taken under advisement; and comes now Louise Vaughan by Neal Sebastian and Neill Bohlinger and comes the claimant Odie Valley Vaughan by Harve B. Thorne and Senator G. C. Crider; and the court being advised on all matters pertinent thereto, does sustain the said motion.

"IT IS, THEREFORE, CONSIDERED AND ORDERED BY THE COURT that the order of the Monroe County Probate Court heretofore made vesting the properties of the estate of A. M. Vaughan, deceased, in Odie Valley Vaughan is hereby set aside and this cause continued for further hearing hereon, and this order is entered *nunc pro tunc,* to which finding the plaintiff excepts, saves his exceptions and prays an appeal to the Supreme Court of the State of Arkansas, which is by this Court granted.

"A. L. Hutchins, Judge."

The terms of the Monroe Probate Court are the first Mondays in February, June, and October of each

year. See § 22-503, Ark. Stats. and § 22-406, Ark. Stats., and see *Southern Furn. Co.* v. *Morgan,* 214 Ark. 182, 214 S. W. 2d 905. We have two possibilities:

1. If the undated order appearing on Transcript Page 80, as previously copied, was actually made by the Court at any time prior to February 1, 1954 (the first Monday in February), then the said order was made during the October, 1953, term of the Probate Court, which was the term at which the October 9, 1953, ''final decree'' was made; and during the same term, the Court may set aside any of its orders within its sound discretion, and without requiring compliance with the provisions of § 29-506 Ark. Stats. See *McDonald* v. *Olla State Bank,* 192 Ark. 603, 93 S. W. 2d 325; and *Hawkeye Tire Co.* v. *McFarlin,* 146 Ark. 491, 225 S. W. 632.

2. On the other hand, if the undated order appearing at Page 80 of the Transcript, as heretofore copied, was not *actually* made by the Court at some time prior to February 1, 1954, then the Amendatory Order appearing at Page 81 of the Transcript, and reciting it to be *nunc pro tunc,* is without force; because *nunc pro tunc* orders can only be made *now* for what was actually made *then. Bridewell* v. *Davis,* 206 Ark. 445, 175 S. W. 2d 992; *St. L. S. F. Ry.* v. *Hovley,* 196 Ark. 775, 120 S. W. 2d 14; and *Dickey* v. *Clark,* 192 Ark. 67, 90 S. W. 2d 236. So if the undated order at Page 80 of the Transcript was not actually made until after January 31, 1954, then the ''final decree'' of October 9, 1953, is still in force, because Louise Vaughan's petition did not comply with § 29-506, Ark. Stats.

The issues being as heretofore stated, we reach the conclusion that the appellant has failed to establish that the undated order at Page 80 of the Transcript was not in fact made prior to February 1, 1954. In the Amendatory Order appearing at Page 81 of the Transcript, the Court said that it was a *nunc pro tunc* order to make clear what was not clear in the undated order at Transcript Page 80. What we said in *Harris* v. *State,* 169 Ark. 627, 276 S. W. 361, is applicable here:

938

"The same judge who tried the case made the *nunc pro tunc* order, and it cannot be said that he was not fully justified in making it."

The appellant's argument to the contrary is not sufficient to overcome the record made by the Court. See also *Eiland* v. *Parker's Chapel Methodist Church,* 222 Ark. 552, 261 S. W. 2d 795.

Therefore we hold:

(1) That the Monroe Probate Court set aside the "final decree" of October 9, 1953, at the same term it was rendered;

(2) That the appellant, Odie Valley Vaughan—having failed to stipulate, as required by Sub-division 2 of § 27-2101, Ark. Stats.—is attempting to prosecute a premature appeal (see *McPherson* v. *Consolidated Casualty Co.,* 105 Ark. 324, 151 S. W. 283; and *Hawkeye Tire Co.* v. *McFarlin,* 146 Ark. 491, 225 S. W. 632); and

(3) That the cause between Louise Vaughan and Odie Valley Vaughan is still pending in the Monroe Probate Court for trial and determination therein.

Appeal dismissed.