Frank HENRY et al *v.* Eddie POWELL, Mayor, et al

77-164                                          561 S.W. 2d 296

Opinion delivered February 13, 1978
(In Banc)

*John T. Harmon, Tommy Russell* and *Judith Rogers,* by: *John T. Harmon,* for appellants.

*Jim Hamilton,* City Atty., for appellees.

GEORGE ROSE SMITH, Justice. The basic question here is whether the regular judge of a chancery court can, within 90 days after the entry of an order made by a special judge in the regular judge's absence, vacate the special judge's order and set the matter down for reconsideration. We hold that the regular judge does have that power. In that view there is as yet no final appealable order; so the appeal must be dismissed.

This is a taxpayers' suit brought by the appellants against the City of North Little Rock and its officers to obtain refunds of overpayments made by customers of the city's elec-

tric department. On December 30, 1976, the regular chancellor, Judge Bullion, entered a decree directing that refunds be made by the city and (as far as we can tell from an abbreviated record) refusing to allow an attorneys' fee to counsel for the plaintiff taxpayers. In response to petitions for a rehearing and clarification of the decree, Judge Bullion, on March 9, 1977, entered a second decree specifying in detail the procedure to be followed by the city in making the refunds. That decree retained jurisdiction of the case for clarification of the decree as it pertained to attorneys' fees.

On March 7, pursuant to statute, the chief justice of this court had entered an order assigning Judge Van Taylor to the Third Division of the Pulaski Chancery Court for the week of March 28 through April 1, apparently to hold court during the absence of Judge Bullion. Ark. Stat. Ann. § 22-142 (Supp. 1977). That order did not assign Judge Taylor to this case or to any other particular case, there being no suggestion that the assignment was in response to Judge Bullion's disqualification to act in any matter.

On March 28, Act 822 of 1977 became effective, authorizing the allowance of attorneys' fees from monies recovered in taxpayers' actions. Ark. Stat. Ann. § 84-4601 (Supp. 1977). On April 1 a request for the allowance of attorneys' fees in this case was presented to Judge Taylor. After a hearing at which no stenographic record was made, Judge Taylor entered an order allowing to the three attorneys for the taxpayers a fee of $95,884.31, being 15% of the total amount to be refunded.

On April 12 the city and its officers filed a petition for a rehearing of Judge Taylor's order of April 1. That petition for rehearing was presented to Judge Bullion, who entered an order on May 4 setting aside Judge Taylor's order and fixing a date in October for a reconsideration of the matter. The appellants at once filed a notice of appeal and have brought the case to this court for a review of Judge Bullion's order of May 4.

We have no doubt about the regular judge's authority to set aside the special judge's order, within 90 days. At common law, as exemplified by our own cases, a judge had un-

limited control over his judgments and orders during the same term of court. Within that time he could set aside his own judgments at will, without any motion having been filed by a party to the case and without notice to anyone. *Security Bank of Branson v. Speer,* 203 Ark. 562, 157 S.W. 2d 775 (1942). There was no requirement that the court's action conform to statutes relating to the vacation of judgments after the expiration of the term. *McDonald v. Olla State Bank,* 192 Ark. 603, 93 S.W. 2d 325 (1936). The purpose of the rule, of course, was to permit a judge to correct his own errors without putting the parties to the expense and delay involved in an appeal.

Essentially, the common-law rule still prevails in Arkansas. Terms of court in chancery have been abolished, but the repealing law specifically provides that for 90 days the chancellor has the same authority that he would previously have had during the same term of court. Ark. Stat. Ann. § 22-406.4 (Supp. 1977).

The appellants, however, citing a brief annotation in 11 A.L.R. 2d 1108, argue that a judge is powerless to set aside an order made by a different judge. The few cases there cited turn upon statutes quite different from ours. As a practical matter, there is no reason for such a distinction under our statutes and cases. As we have said, the power to act during the term exists to avoid the necessity for an appeal when a judge decides upon further reflection that he has made a mistake. That power to act should be vested in someone. If the judge who made the order retires or becomes disabled or dies, or if his authority as a special judge comes to an end, the corrective power must logically and reasonably pass to his successor, else we have a government by individuals rather than by a continuing system of law. It follows that the power to act after Judge Taylor's authority expired necessarily passed to Judge Bullion.

Judge Taylor's order having been set aside, the case is still pending for decision; so there is no final appealable decree. *Hawkeye Tire & Rubber Co. v. McFarlin,* 146 Ark. 491, 225 S.W. 2d 632 (1920). An especially pertinent precedent is *Dodd v. Bonds,* 220 Ark. 951, 251 S.W. 2d 587 (1952), where, as here, a special chancellor's order was set aside by the

regular chancellor. We dismissed the appeal for want of a final order.

Appeal dismissed.

HICKMAN, J., disqualified.