ARKANSAS STATE HIGHWAY COMMISSION
*v.* Robert V. JOHNS, et al.

90-82                                           789 S.W.2d 450

Supreme Court of Arkansas
Opinion delivered May 14, 1990
[Rehearing denied June 11, 1990.*]

Robert L. Wilson, Philip N. Gowen, and Charles Johnson, for appellant.

Dodds, Kidd, Ryan & Moore, by: Judson C. Kidd; and Dan Boland, Pulaski Bank & Trust Company, for appellees.

DAVID NEWBERN, Justice. In this condemnation action, the trial court set aside its judgment based on a jury verdict and ordered a new trial. The Arkansas State Highway Commission appeals from the decision. The new trial was granted because a mortgagee of the condemned land, Pulaski Bank and Trust Co. (Pulaski Bank), was not named in the original pleadings as a party to the action until after a jury verdict. We reverse because we find Pulaski Bank waived its right to object to the commission's failure to name it a party at the outset of the action.

The commission brought this action to acquire .3 acres in fee simple absolute and an easement on .9 acres of land owned by Robert V. and Deborah A. Johns for the purpose of widening State Highway 10 in Pulaski County. The complaint named the Johnses and First State Bank and Trust Co. as defendants. The First State Bank and Trust Co. answered that it no longer had a

---

*Glaze and Price, JJ., would grant rehearing.

security interest in the land and did not participate further. The Johnses answered that security interests in the land were held by First Federal Savings and Loan Association (First Federal) and Pulaski Bank. The commission moved for a continuance to give it time to make Pulaski Bank and First Federal parties to the action.

The parties conferred with the court *in camera*, and it was then stipulated between the Johnses and the commission that they were willing to go to trial without First Federal and Pulaski Bank being made parties.

The Johnses presented evidence that they had built a 7000 square foot house on their property with a swimming pool and tennis courts. When they purchased the land and built their house, trees shielded them from Highway 10. The construction on the highway had brought it closer to their property and had destroyed the trees which once protected them, to a degree, from the sight and sounds of the highway.

One expert presented by the Johnses testified their damages were $138,500, and another estimated the figure at $149,125. Robert V. Johns testified the value of their property had decreased by at least $225,000. Deborah A. Johns testified she estimated the reduction in value to be a least $200,000. Two appraisers testified for the commission. One said the just compensation to the Johnses would be $12,500, and the other said $12,000.

The jury awarded the Johnses $22,500 on March 23, 1989. On the following day, March 24, Pulaski Bank filed its entry of appearance and waiver of service of process. The pleading stated Pulaski Bank wished to be compensated for its interest in the case and "to join in the entry of the final judgment herein." Final judgment was entered on the jury verdict on April 14, 1989.

On July 7, 1989, almost three months after the judgment was entered, Pulaski Bank moved to set the judgment aside on the ground that it was not made a party to the action until after the trial and thus the judgment was not binding upon it and the condemnation had not been effectively completed.

The court ordered the judgment set aside pursuant to Ark. R. Civ. P. 60, referring to the motion and the court's "own motion," and ordered a new trial "to prevent a miscarriage of

justice." The order recited that Pulaski Bank was a necessary party to the action and had not been given the benefit of appearing at trial "which has prejudiced their rights and has resulted in a taking and impairment of diminution of the mortgaged collateral."

### 1. Setting the judgment aside; appealability

The court undoubtedly has authority to set aside its judgment, pursuant to Rule 60, within 90 days after the judgment is entered. Pulaski Bank contends that its order doing so is not appealable because it is not a final order. Be that as it may, the court went further than setting the judgment aside and ordered a new trial. An order granting a new trial is appealable. Ark. R. App. P. 2.(a)3.

### 2. Waiver

In the ordinary case, the question becomes whether the trial court abused its discretion in granting a new trial. In this case, however, Pulaski Bank, by asking to join in the final judgment, waived its right to present evidence beyond that which had been presented by the Johnses. It is hardly in a position to claim the trial court properly exercised its discretion in ordering a new trial.

Pulaski Bank's entry of appearance on the day after the jury returned its verdict contained no request for a new trial or to present evidence in the matter. While it is true the record contains no direct evidence that Pulaski Bank knew the verdict had been reached, its request to join in the "final judgment" suggests such knowledge. Once the bank became a party to the litigation it had a duty to inform itself about the status of the case. *See Diebold* v. *Myers General Agency, Inc.*, 292 Ark. 456, 731 S.W.2d 183 (1987); *Midwest Timber Products Co.* v. *Self*, 230 Ark. 872, 327 S.W.2d 730 (1959); *Parker* v. *Sims*, 185 Ark. 1111, 51 S.W.2d 517 (1932). Pulaski Bank did nothing in the three weeks after it entered its appearance and before the judgment was entered. We hold Pulaski Bank waived its right to seek a new trial for the purpose of presenting evidence in the case, and thus the court abused its discretion by granting a new trial in these circumstances.

### 3. The judgment

The judgment mentions First State Bank and Trust Co. and First Federal of Arkansas as parties defendant along with the Johnses. The fact that Pulaski Bank was not included in the judgment as defendant was not mentioned by any party on appeal. Presumably the failure to include Pulaski Bank in the judgment was inadvertent, and the mistake can be corrected on remand.

Reversed and remanded for orders consistent with this opinion.

GLAZE and PRICE, JJ., dissenting.

TOM GLAZE, Justice, dissenting. I respectfully disagree with the majority's holding. Under Ark. R. Civ. P. 60(b), a circuit court may set aside its judgment in order to prevent a miscarriage of justice if the court does so within 90 days from the filing of the judgment. In fact, the court may take such action with or without notice to the parties. As is reflected in the Reporter's Notes to Rule 60, this rule gives relatively unlimited control to the circuit court over its judgments. Of course, after the 90 day period expires, the court's power to modify or set aside its judgments is limited by the reasons set out in Rule 60(c).

In the present case, the trial court, acting within 90 days of entering its judgment, set the judgment aside, stating that the Pulaski Bank and Trust Company was a necessary party to the suit between the Johnses and the Arkansas State Highway Commission, and the Bank had not been given the benefit of appearing at trial. The court added that the Bank's rights had been prejudiced and its mortgaged collateral (Johnses' property) had been impaired. As the majority opinion states, the Johnses and the Commission agreed to try their case without making the Bank a party. From the abstract of record, it appears the Bank was never made a party, and it is also void of anything that reveals the Bank knew of the pending suit even though the Bank clearly had a stake in it.

After the parties tried their suit and a jury verdict was rendered, the Bank apparently became aware of the suit and entered its appearance with the expressed purpose to join in the entry of the court's final judgment. However, nowhere is it

revealed in the record that the Bank ever approved, or was made a party to, the judgment. Instead, the Bank subsequently moved to set the judgment aside, which the trial court did.

My main disagreement with the majority is, I surmise, with its belief that the Bank waived its rights because the Bank entered its appearance after the jury trial was completed. As already mentioned, the Bank had never been notified of the filing of the suit and, once the suit was tried, nothing the Bank could have done could have ameliorated the prejudice it already had suffered. Likely, this is the reason the Bank never approved the judgment entered in this matter and was omitted in the judgment as having been a party to the action. Regardless, the Bank was unquestionably a necessary party to this suit and it was never made party to it by the Commission or the Johnses. In my view, the Bank has never been shown to waive any right, much less its right to participate at the jury trial conducted in this case. Thus, I cannot say the trial court abused its discretion when it vacated its judgment. The Commission simply failed to meet its burden in showing otherwise.

I would affirm.

PRICE, J., joins this dissent.