Lewis S. LAMB, William D. Lynn, and William H. ROWE
v. JFM, INC.

92-623                                      842 S.W.2d 10

Supreme Court of Arkansas
Opinion delivered November 16, 1992
[Rehearing denied December 21, 1992.*]

---

*Brown, J., not participating.

90

*Evans Benton, P.A.*, for appellant.

*Arnold, Grobmyer & Haley*, by: *Robert R. Ross*, for appellee.

ROBERT H. DUDLEY, Justice. This case presents the interesting, but difficult, appellate procedural question of whether an order vacating a judgment is a final order, and, consequently, whether it is an appealable order.

The material facts are as follows. Plaintiffs, Lewis S. Lamb, William D. Lynn, and William H. Rowe, filed suit for specific performance, an injunction, and damages against JFM, Inc. The defendant filed an answer and an amended answer, but inadvertently did not appear on the date set for trial. In their absence, the

plaintiffs took a judgment for $53,137.96. The judgment was entered on January 27, 1992. Four days later, on January 31, 1992, the defendant filed a motion to vacate judgment, and, on February 10, 1992, the chancellor entered an order vacating the judgment and setting the case for trial. The two most important facts are that the order vacating the judgment was entered within ninety days of the entry of the judgment, and that the case was never fully contested. The plaintiffs seek to appeal the order vacating the judgment rendered in their favor.

We have frequently held that we will not decide the merits of an appeal when the order appealed is not a final order. *Schueck Steel, Inc.* v. *McCarthy Bros. Co.*, 289 Ark. 436, 711 S.W.2d 820(1986) and supplemental opinion on rehearing 289 Ark. 437, 717 S.W.2d 816 (1986). For an order to be final, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Roberts Enters., Inc.* v. *Arkansas State Highway Comm'n*, 277 Ark. 25, 638 S.W.2d 75 (1982); Ark. R. App. P. 2. Even if neither party raises the issue of the finality of the judgment, the appellate court should raise it on its own. *Cigna Ins. Co.* v. *Brisson*, 294 Ark. 504, 744 S.W.2d 716 (1988) and supplemental opinion on rehearing 294 Ark. 506-A, 746 S.W.2d 558 (1988). The order vacating the judgment in this case does not dismiss or discharge the parties from the court, nor does it conclude their rights to the subject matter in controversy. Rather, the order vacating the judgment places both of the parties back in the position they were in before the judgment was entered, *see Hawkeye Tire & Rubber Co.*, v. *McFarlin*, 146 Ark. 491, 225 S.W. 632 (1920), and it is clear that neither party had a right to appeal before the judgment was entered.

The purpose of Rule 2 of the Arkansas Rules of Appellate Procedure is to avoid piecemeal litigation. Should we consider the plaintiffs' appeal and then affirm the chancellor's order vacating the judgment, the case would then be tried. The chancellor's rulings at that trial would be subject to appeal, and the case could be appealed a second time. The result would be two appeals where one will suffice.

However, the foregoing is applicable only when the order vacating the judgment is entered within ninety days of the entry

of the original judgment. Rule 60 of the Arkansas Rules of Civil Procedure provides for vacating judgments, and Rule 60(b) provides that a trial court has ninety days to modify or set aside a judgment to "correct any error or mistake or to prevent the miscarriage of justice." The order vacating the judgment in this case was entered within ninety days. To the contrary, after ninety days, the trial court loses its general power to vacate final judgments to "prevent the miscarriage of justice" and has only the power to vacate final judgments for the reasons set out in Rule 60(c). For example, after ninety days, a court may vacate a judgment for fraud practiced by the party who obtained the judgment. *See Diebold* v. *Myers Gen. Agency*, 292 Ark. 456, 731 S.W.2d 183 (1987).

■ If the final judgment is vacated after ninety days, the order vacating the judgment is an appealable order because it determines the outcome in the equivalent of an independent action to set aside a judgment. In such an independent action the judgment creditor could lose his established creditor's rights. *See Cigna Ins. Co.* v. *Brisson*, 294 Ark. 504, 506-A, 746 S.W.2d 558 (1988) (supplemental opinion granting rehearing); *Schueck Steel, Inc.* v. *McCarthy Bros. Co.*, 289 Ark. 436, 436-A, 717 S.W.2d 816 (1986) (supplemental opinion granting rehearing); *Blum* v. *Pulaski County*, 92 Ark. 101, 122 S.W. 109 (1909); *Ayers* v. *Anderson-Tully Co.*, 89 Ark. 160, 116 S.W. 199 (1909). In summary, an order vacating a judgment within ninety days is not an appealable order because it is not a final order dismissing the parties from the action, but an order vacating a judgment after ninety days is an appealable order because it is the equivalent of an order in an independent action setting aside the judgment.

■ We recognize that we did not follow this distinction in *Arkansas State Highway Commission* v. *Johns*, 302 Ark. 291, 789 S.W.2d 450 (1990). There, the trial court granted a motion to vacate a judgment within ninety days of entry and, in the same order, granted a new trial. We stated that it was not necessary for us to decide whether the order vacating the judgment was a final and appealable order, since the trial court also granted a new trial, and an order granting a new trial is an appealable order. The deciding, although unmentioned, factor in that case was that there had been a complete trial with both parties present to fully

contest both the merits and the damages, and the granting of the new trial was the gist of the ruling. Thus, the rule is that, if after a complete adversarial proceeding, a trial court grants a new trial under Rule 59 of the Arkansas Rules of Civil Procedure, the order granting the new trial is appealable. Ark. R. App. P. 2(a)(3). However, the rules of appellate procedure do not give such a right of appeal when a judgment is obtained after less than a complete adversarial proceeding and is vacated within ninety days under Rule 60 even though, at the least, a partial new trial will be the result.

We have long recognized the distinction between an order granting a new trial and an order vacating a judgment within ninety days of the judgment. The original civil code provided that an appeal could be taken "when the order grants or refuses a new trial," Ark. Code Ann. § 16-67-303(a)(2) (1987), and that language has been preserved in the Rules of Appellate Procedure, Rule 2(a)(3). In addition, although we have sometimes mistakenly heard such cases, we have never allowed appeals from orders vacating judgments entered within ninety days of the judgment when the case had not been fully contested on both liability and damages, even though the order vacating the judgment would necessarily require a retrial of some part of the issues. *Henry* v. *Powell*, 262 Ark. 763, 561 S.W.2d 296 (1978); *Dodd* v. *Bonds*, 220 Ark. 951, 251 S.W.2d 587 (1952).

Since the order vacating the judgment in this case was entered within ninety days of the entry of the judgment and since the case has never been fully contested by both parties, it is not a final and appealable order. Accordingly, we dismiss the appeal.

BROWN, J., not participating.