## Rickey Lynn STRONG *v.* Karen D. MORGAN

CA 96-1390                          950 S.W.2d 466

Court of Appeals of Arkansas
Division II
Opinion delivered September 17, 1997

*Jo L. Hart*, for appellant.

*Ralph Blagg*, for appellee.

JOHN B. ROBBINS, Chief Judge. This appeal arises out of the divorce of appellant Rickey Strong and his former wife, appellee Karen Morgan. As part of the divorce proceedings, Strong and Morgan agreed that the Stone County Chancery Court would conduct a judicial sale of a four-acre parcel of real estate they owned. Strong submitted the winning bid for this land at the judicial sale, and the chancery court entered an order of confirmation of the court commissioner's report of the sale. Subsequently, Morgan filed a motion with the chancery court in which she

requested that it set aside the judicial sale of the four-acre parcel to Strong. The chancery court granted Morgan's request and set the sale aside. On appeal, Strong asserts that the chancery court erred in granting Morgan's request to set aside the judicial sale of the four-acre parcel. We agree. Because the chancery court did not set aside its order of confirmation of the commissioner's report of the judicial sale within ninety days of the date of its entry, the court lacked jurisdiction to act.

In January of 1994 the parties' marriage ended in divorce. They agreed to sell a four-acre parcel of real property upon which they had lived while they were married and listed the four-acre parcel with a local realtor. However, they also agreed that if the property were not sold by the realtor within ninety days, it would be sold by the Stone County Chancery Court, with the proceeds to be divided equally between them.

On March 10, 1995, Strong submitted the winning bid for the land at a judicial sale held by the chancery court's commissioner, who was the chancery court clerk. Previously, pursuant to Ark. Code Ann. § 16-66-408(a) (1987), the chancery court's commissioner advertised the judicial sale of the land in a local newspaper on February 22 and March 1, 1995. Both of the newspaper advertisements and the commissioner's notice of sale incorrectly noted that the four-acre parcel was located in Stone County. Actually, the parcel was located in Searcy County. The record does not show that anyone brought this clerical error to the attention of the commissioner prior to the sale.

On March 14, 1995, four days after Strong purchased the four-acre parcel at issue, the Stone County Chancery Court entered an order confirming the commissioner's sale of the land to him. Subsequently, beginning on April 14, 1995, Morgan filed several motions requesting that the chancery court set aside the judicial sale of the land to Strong. In these motions Morgan asserted that the judicial sale was invalid for two reasons: (1) on the morning of the judicial sale she was told, incorrectly as it turned out, by the Searcy County Sheriff that the judicial sale had been canceled; and (2) the commissioner's notice of sale and the news-

paper advertisements thereof incorrectly listed the four-acre parcel as being located in Stone County.

The Stone County Chancery Court initially dismissed Morgan's motion to set aside the judicial sale of the four-acre parcel to Strong. However, it reversed this decision and entered an order setting the judicial sale aside on July 29, 1996. It is this July 29, 1996, order, setting aside the March 14, 1995, order of confirmation of the judicial sale, that is the object of Strong's appeal to this Court.[1] We conclude that the chancery court erred in setting aside its March 14, 1995, order of confirmation of the judicial sale of the four-acre parcel to appellant Strong because the court lacked jurisdiction to do so more than ninety days after it had been entered.

Pursuant to Arkansas Rule of Civil Procedure 60(b), a trial court may set aside an order to correct any error or mistake or to prevent the miscarriage of justice. However, pursuant to Rule 60(b), if a trial court decides to set a previous order aside, it must do so within ninety days of the order's having been filed with the clerk. *See Steward v. Wurtz*, 327 Ark. 292, 296, 938 S.W.2d 837 (1997). It is pursuant to Rule 60(b) that a trial court may set aside an order to correct clerical mistakes and errors arising from oversight or omission. *See United S. Assurance Co. v. Beard*, 320 Ark. 115, 118, 894 S.W.2d 948, 950 (1995). However, a trial court loses authority to modify an order pursuant to Rule 60(b) after the expiration of ninety days from the date of entry of the order. *See Griggs v. Cook*, 315 Ark. 74, 77-78, 864 S.W.2d 832, 834 (1993); *Lamb v. JFM, Inc.*, 311 Ark. 89, 92, 842 S.W.2d 10, 11 (1992); *City of Little Rock v. Ragan*, 297 Ark. 525, 763 S.W.2d 87 (1989); and *Cigna Ins. Co. v. Brisson*, 294 Ark. 504, 744 S.W.2d 716, *supp. op. on reh'g*, 294 Ark. 506-A, 506-C, 746 S.W.2d 558 (1988). Because the chancery court did not set aside the order of confirmation of the judicial sale at issue until more than ninety days after

---

[1] An order granting a motion to set aside a chancery court order is a final order, and therefore appealable, if the order granting the motion to set aside is entered more than ninety days after entry of the order that was set aside. *See Lamb v. JFM, Inc.*, 311 Ark. 89, 92, 842 S.W.2d 10, 11 (1992). Here, the order setting the judicial sale aside was entered on July 29, 1996, which is more than ninety days after entry of the order of confirmation of the judicial sale, which was on March 14, 1995.

entry of this order, the chancery court lacked jurisdiction to do so.[2] *See Griggs*, 315 Ark. at 77-78, 864 S.W.2d at 834; *see also State Nat'l Bank v. Neel*, 53 Ark. 110, 113-14, 13 S.W. 700, 701 (1890) (order of confirmation of a judicial sale is a final order and cannot be set aside in a subsequent term of court).

■ Therefore, for the reasons set forth above, we reverse the Stone County Chancery Court's order setting aside the judicial sale to appellant Strong of the four-acre parcel of land at issue. We remand for further proceedings consistent with this opinion.

Reversed and remanded.

BIRD and STROUD, JJ., agree.

---

[2] Pursuant to Ark. R. Civ. P. 60(c)(3), a trial court may modify or vacate a judgment at any time "for misprisions of the clerk." Rule 60(c)(3) could not authorize the setting aside at any time of an order on the basis of the sort of "Stone/Searcy" County clerical error that occurred in this case because such errors fall within the ambit of Rule 60(b) and its ninety-day limitation. *See Beard*, 320 Ark. at 118.