HOBBS, EXCR. *v.* DOWDS, GDN.

5-2346                                    345 S. W. 2d 925

Opinion delivered April 24, 1961.

[Rehearing denied May 29, 1961.]

*Richard W. Hobbs,* for appellant.

*Curtis L. Ridgway, Jr.,* for appellee.

ED. F. McFADDIN, Associate Justice. The question presented in the briefs is whether the Probate Court allowed excessive fees to the guardian and his attorney; but we never reach that question because of a procedural hurdle which appellant has been unable to overcome, and which is fatal to his case.

Mrs. Margaret Miover, a lady past 80 years of age, had become senile. She was in a rest hime; and her relatives persuaded J. J. Dowds to become guardian of her person and estate. He was appointed by the Probate Court of Garland County on April 17, 1959; and Q. Byrum Hurst was the attorney for the guardian. The estate consisted of government bonds and other personal assets totaling in excess of $36,000.00. The guardian made a full and

detailed inventory and the Probate Court allowed the guardian a fee of One Thousand Dollars ($1,000.00), and allowed his attorney a fee of Five Hundred Dollars ($500.00). On April 23, 1959 (just eight days after the appointment of Mr. Dowds as guardian) Mrs. Miover departed this life testate. Her will was probated in Garland County on May 5, 1959, and appellant, Richard W. Hobbs, was appointed as Executor.

J. J. Dowds, as guardian, delivered to Richard W. Hobbs, as Executor, all of the assets of the guardianship except the Fifteen Hundred Dollars ($1,500.00) allowed the guardian and his attorney for fees. On May 8, 1959, Hobbs, as Executor, filed his petition asking the Garland Probate Court to set aside the order that allowed the fees to the guardian and his attorney. It was alleged that the guardian and the attorney only served eight days, and that the total fee of Fifteen Hundred Dollars ($1,500.00) was grossly excessive, and that a fee of not to exceed One Hundred Dollars ($100.00) would be just compensation. Reply was filed to this petition on May 22, 1959, alleging in detail the services rendered and why the guardian and his attorney considered the fees to be reasonable.

Nothing further occurred in regard to said petition of the Executor until August 10, 1960, when a stipulation was filed as to the acts done by the guardian and his attorney. Then, on October 24, 1960, the Executor's petition was heard, and an order was entered by the Probate Court, refusing to set aside the order of April 1959, which had allowed the fees to the guardian and his attorney. From such order of October 24, 1960, the Executor prosecutes this appeal, claiming that the fees were grossly excessive.

The hurdle that the Executor cannot overcome is the fact that the petition to set aside the fees allowed the guardian and his attorney was not heard at the same term of the court at which the fees were allowed. Section 22-503 Ark. Stats. states that the various terms of the probate courts ". . . shall be the same as now pro-

vided by law for the various Chancery Courts of the State." Section 22-406, Ark. Stats. fixes the terms of the Chancery Court of Garland County to be the Third Monday in June and December of each year. The order, allowing the fees to the guardian and his attorney, was made in April 1959, which was a day of the December 1958 Term. The petition to set aside the allowance of the fees was filed on May 8, 1959, which was a day of the same December 1958 Term. But the December 1958 Term lapsed by law on the day preceding the Third Monday in June 1959, when the June Term of the Garland Probate Court convened; and the matter was not heard until October 24, 1960, which was a day of the June 1960 Term of the Garland Probate Court.

In *Southern Furn. Co.* v. *Morgan,* 214 Ark. 182, 214 S. W. 2d 905, we held that the allowance of a claim by the Probate Court was a judgment and could be set aside after the term only by making the same showing as required for vacating a judgment after the term: *i. e.,* compliance with the provisions of §§ 29-506 and 29-508, Ark. Stats. In *Fullerton* v. *Fullerton,* 230 Ark. 539, 323 S. W. 2d 926, we held that the term time power of a court to vacate a judgment lapsed with the expiration of the term, even on petition filed but not presented. So, in the case at bar, when Hobbs, as Executor, allowed the December 1958 Term of the Court to lapse, he could not have the order allowing the fees set aside except by filing a petition which complied with the requirements of §§ 29-506 and 29-508, Ark. Stats.: *i. e.,* the petition must not only be verified but must allege one of the grounds stated in Subdivisions 4 to 8, inc. of § 29-506. The petition filed by the Executor in this case did not allege any such ground.[1] It merely alleged that the court had made a mistake in allowing the fees and had allowed fees which were excessive. Such is not one of the grounds which the statute recognizes for setting aside a judgment after the term.

Affirmed.

---

[1] In *Vaughan* v. *Vaughan,* 223 Ark. 934, 270 S.W. 2d 915, we had occasion to further consider the matter of setting aside orders by the probate court.