Ruben S. VILLALON, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–86–508–CR.

Court of Appeals of Texas, Corpus Christi.

Feb. 28, 1991.

590

L. Aron Pena, Pena, McDonald, Prestia & Ibanez, Edinburg, for appellant.

Rene Guerra, Dist. Atty., Theodore C. Hake, Asst. Crim. Dist. Atty., Edinburg, for appellee.

Before NYE, C.J., and SEERDEN and HINOJOSA, JJ.

## OPINION

SEERDEN, Justice.

Appellant was convicted of aggravated sexual assault. On original submission, we found the evidence insufficient to support the conviction and ordered an acquittal. *Villalon v. State,* 739 S.W.2d 450 (Tex. App.—Corpus Christi 1987). The Court of Criminal Appeals granted the State's petition for discretionary review, found the evidence sufficient, and remanded the cause for us to consider appellant's remaining three points of error. *Villalon v. State,* 791 S.W.2d 130 (Tex.Crim.App.1990). We now affirm the conviction.

In the first point of error, appellant contends that the trial court erred in granting the State's motion to amend the indictment. The original indictment alleged that appellant had sexual intercourse with a child on August 15, 1983. Before trial, the trial court allowed the State to amend the indictment, pursuant to Tex.Code Crim.Proc. Ann. art. 28.10 (Vernon 1989), by changing the date of the offense to November 15, 1984, and the allegation of "sexual intercourse" to penile penetration of the vagina.[1] Article 28.10 provides:

(a) After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defen-

dant, to respond to the amended indictment or information.

(b) A matter of form or substance in an indictment or information may also be amended after the trial on the merits commences if the defendant does not object.

(c) An indictment or information may not be amended over the defendant's objections as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced.

[1] Appellant contends on appeal that the trial court erred in allowing these changes because they affected his substantial rights. At the outset, we must determine whether appellant presented this objection in the trial court, because both article 28.10 and the Rules of Appellate Procedure require a defendant to preserve error by objection. *See* Tex.R.App.P. 52(a). In this case, the State's motion to amend prompted considerable discussion between the trial court and the prosecutor, but appellant did not comment about the proposed amendment until asked by the trial court. The following exchange occurred:

THE COURT: [M]y question is, as far as the amended—State's motion to amend the indictment, do you have any law, or are you objecting to it?

MR. PENA [Appellant's counsel]: Your Honor, I have no law that permits it or does not permit it. I know—excuse me—I know that the rule is, that if the State is amending substantive matters, they need to go back to the grand jury.

THE COURT: Yes, sir.

MR. PENA: If they're proceeding—amending procedural matters, they can do that on their own, and that's the fundamental rule, and I'm just not sure that they—that they can do this. That they are going back, without going to the grand jury, and amending the indictment,

---

1. Under the "rape" statute in effect during August 1983, "sexual intercourse" was defined as any penetration of the female sex organ by the male sex organ. Acts 1973, 63rd Leg., p. 883, ch. 399, § 1. Effective September 1, 1983, "sexual assault" replaced "rape" as an offense in Texas. "Sexual assault" was defined in terms different from the prior "rape" law. By amending the indictment, the State had to prove that the child's "vagina" rather than her "female sex organ" was penetrated.

but—but I'm not—we're just pleading not guilty.

THE COURT: All right, sir. I'll go ahead and all—I mean, grant the State's motion to amend the indictment.

Appellant did not further mention the State's ability to amend the indictment. We find that appellant's above statements did not preserve error. Although he expressed general doubts about the State's ability to amend, he accepted the amendment without objection. A defendant must specifically object to preserve error under article 28.10. *See Jones v. State*, 755 S.W.2d 545, 547 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd). Appellant did not.

■■■ Even if we construe appellant's statement as an objection, he never claimed that the amendment prejudiced his substantial rights. Instead, appellant stated that any substantive change in the indictment required grand jury consideration. Because article 28.10, by its express terms, allows the substance of an indictment to be amended, an objection that the amendment is one of substance is not a valid ground for objecting. The only two valid objections under article 28.10(c) are that the amendment (1) charges the defendant with an additional or different offense, or (2) prejudices the substantial rights of the accused. Counsel's statement does not present either of these reasons as a bar to amendment. To preserve error, the point of error on appeal must correspond to the objection made at trial. *Thomas v. State*, 723 S.W.2d 696, 700 (Tex.Crim.App.1986). Appellant has not preserved error. Point of error one is overruled.

In his third point, appellant contends that the trial court erred in allowing the State to introduce the victim's outcry statements which were made "long after the alleged offense." The State offered the victim's statements which were made to a school nurse under authority of Tex.Code Crim. Proc.Ann. art. 38.072 (Vernon Supp.1991). At trial, appellant raised several objections to the nurse's testimony. He alleged that:

1) because the victim was present to testify, the outcry witness should not be allowed to testify about the victim's statements; 2) the victim's outcry was not reliable because it was made over a year after the offense allegedly occurred; and 3) if appellant had been timely prosecuted, the nurse's testimony concerning the hearsay would have been inadmissible because the offense occurred before the effective date of article 38.072.

On appeal, appellant claims the victim's outcry statements were inadmissible because: 1) the State failed to obtain a ruling that the outcry statements were reliable,[2] 2) article 38.072 was adopted in 1985 while the offense occurred in 1984, and 3) the nurse was not the first person to whom the child made a statement about the offense.

As can be seen, not all of appellant's appellate arguments comport with trial objections. Error may not be predicated upon a ruling which admits evidence unless the party complaining on appeal made a timely objection. Tex.R.Crim.Evid. 103(a)(1). To preserve error, the point of error on appeal must correspond to the objection made at trial. *Thomas*, 723 S.W.2d at 700.

■■■ Appellant's complaint that the trial court did not find the child's statement reliable was not raised at trial. The complaint is not preserved for review. Even if it had been preserved, we find that the court implicitly made such a finding by admitting the evidence.

■■■ Appellant's second complaint is that article 38.072 was enacted after the commission of the offense. Although appellant does not present any argument on this complaint, we presume that by his trial objection and appellate point he means to invoke the constitutional protections relating to ex post facto claims. Article 38.072 changed Texas law to allow the substance of certain "outcry" statements to be admitted. Before the enactment of article 38.-072, the substance of an outcry statement

---

**2.** Article 38.072, § 2(b)(2) provides that an outcry statement is not inadmissible because of the hearsay rule if the trial court finds, in a hearing conducted outside the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement.

was admissible only if it fell within a traditionally recognized exception to the hearsay rule. *See Holland v. State*, 802 S.W.2d 696, 699 n. 3 (Tex.Crim.App.1991).

Appellant allegedly committed the offense on November 15, 1984. Article 38.-072 became effective on September 1, 1985. The outcry statement was made on November 5, 1985. Trial occurred in August 1986. Thus, although the offense occurred before the effective date of article 38.072, both the outcry statement and trial occurred after the effective date. In *Dobbert v. Florida*, 432 U.S. 282, 293, 97 S.Ct. 2290, 2298, 53 L.Ed.2d 344 (1977), the Supreme Court stated the following with respect to changes in evidentiary rules:

> Even though it may work to the disadvantage of a defendant, a procedural change is not ex post facto. For example, in *Hopt v. Utah*, 110 U.S. 574, 4 S.Ct. 202, 28 L.Ed. 262 (1884), as of the date of the alleged homicide a convicted felon could not have been called as a witness. Subsequent to that date, but prior to the trial of the case, this law was changed; a convicted felon was called to the stand and testified, implicating Hopt in the crime charged against him. Even though this change in the law obviously had a detrimental impact upon the defendant, the Court found that the law was not *ex post facto* because it neither made criminal a theretofore innocent act, nor aggravated a crime previously committed, nor provided greater punishment, nor changed the proof necessary to convict. *Id.*, at 589, 4 S.Ct., at 210.

In *Thompson v. Missouri*, 171 U.S. 380, 18 S.Ct. 922, 43 L.Ed. 204 (1898), a defendant was convicted of murder solely upon circumstantial evidence. His conviction was reversed by the Missouri Supreme Court because of the inadmissibility of certain evidence. Prior to the second trial, the law was changed to make the evidence admissible and defendant was again convicted. Nonetheless, the Court held that this change was procedural and not violative of the *Ex Post Facto* Clause.

Applying the Supreme Court's reasoning, we find that the application of article 38.-072, even if it allowed certain testimony to be admitted which would not have been admitted in a prosecution at the time of the offense, did not violate the Ex Post Facto Clause. Article 38.072 did not make criminal a theretofore innocent act, aggravate a crime previously committed, provide greater punishment, or change the proof necessary to convict. It changed a rule of evidence to eliminate hearsay as a bar to the admissibility of a certain category of outcry statements.

■ Appellant's third appellate complaint was not raised in the trial court. Even if it had, however, no error occurred. The State designated Carolyn Sanchez, a school nurse, as the outcry witness under article 38.072. Out of the jury's presence, Sanchez testified that on November 5, 1985, students at her school were shown a film called "Touch." After the film, the victim came to Sanchez and stated that appellant had raped her. The victim told Sanchez that the incident had happened about a year ago in Sullivan City. The victim was upset and crying. The victim said that her mother had seen blood on her panties. The victim told her mother that the blood came from eating lemons. Sanchez testified that the victim told her that she had not told anyone else about the incident. The trial court granted the State's motion to permit the nurse's testimony.

The victim's mother testified that the victim had not told her anything about what had happened. Appellant suggests that the child's mother was the first person to be told about the incident because she had seen blood on the child's panties and had been told that this blood had been caused by eating lemons. We find that this evidence did not make the mother the "outcry witness."

The outcry witness as contemplated by article 38.072 is the person to whom a child makes a statement that in some discernible manner describes the alleged offense. *See Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim.App.1990). The statute demands more than a general allusion of sexual abuse. *Id.* The victim's statement to her mother regarding "eating lemons" does not

even rise to the level of a general allusion of sexual abuse. Accordingly, the trial court did not err in allowing Sanchez to testify. Appellant's third point of error is overruled.

In his fourth point, appellant contends that the trial court erred in overruling his motion for mistrial after "the court withdrew its former ruling of acquittal which the court had communicated to the jury." The record shows that after the State rested, the jury was excused for the evening. Out of the jury's presence, appellant moved for an instructed verdict. After recessing for the night and discussing the evidence with counsel the next morning, the court ruled that the State had not introduced sufficient evidence to show that a rape had been committed.[3] When the jury arrived in the courtroom, the court explained that the charge would be prepared, the parties would then present final arguments, and the jury would then deliberate. The court stated, without explanation, that the case would be submitted on the lesser included offense of attempted rape. The court then recessed the jury. During this recess, the court and counsel again discussed whether sufficient evidence had been presented to charge the jury on rape. Finally, the court withdrew his previous ruling and stated the jury would be charged "on the whole thing."

Appellant objected on the basis that he had not called any witnesses because the court granted the motion for instructed verdict. The trial court offered to allow appellant to reopen his case and to have a continuance for further preparation. After further discussion, appellant stated: "Your Honor, the Defendant finds himself in a quandary with the Court's reversal of his prior ruling and after the State has closed and the Defendant has closed, and finds that his case has been prejudiced and we move for a mistrial."

■ Appellant, without citing any authority, contends on appeal that he was prejudiced because the above events communicated to the jury that the court be-

lieved the defendant was guilty. Appellant did not object on this ground at trial, and he makes no other complaint on appeal concerning these events. Because appellant's trial objection and his appellate complaint do not correspond, appellant has preserved nothing for review. *Thomas*, 723 S.W.2d at 700.

■ Assuming, however, that the appellant's trial objections were sufficient to preserve error, we find this particular complaint without merit. The trial court never instructed the jury that it had found the evidence insufficient to support rape and only once referred to submitting attempted rape. The jury had no other information concerning the trial court's ruling and reversal.

The jury was given the standard instruction not to consider the remarks, rulings, or actions of the trial judge as any indication of the court's opinion of the guilt of the defendant. There is nothing in the record to indicate that any member of the jury disregarded this instruction in the jury charge.

The judgment of the trial court is affirmed.

---

3. At trial, the parties discussed the evidence in terms of "rape." At that time, the technical Penal Code parlance for "rape" was "sexual assault." In summarizing the evidence, we use the parties' terminology.