TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00696-CR







Steven Caughorn, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0944964, HONORABLE TOM BLACKWELL, JUDGE PRESIDING








 After finding appellant guilty of aggravated sexual assault of a child under section
22.021 of the Texas Penal Code, the jury assessed punishment, enhanced by prior felony
convictions, at confinement for ninety-eight years. Act of May 26, 1987, 70th Leg., R.S., ch.
573, § 1, 1987 Tex. Gen. Laws 2275, amended by Act of July 18, 1987, 70th Leg., 2d C.S., ch.
16, § 1, 1987 Tex. Gen. Laws 80 (Tex. Penal Code Ann. § 22.021, since amended). Appellant
advances two points of error, contending that the trial court erred in admitting into evidence the
hearsay statement of the victim and in overruling appellant's motion for mistrial when a witness
mentioned in front of the jury that appellant was on parole. (1) We will overrule appellant's points
of error and affirm the judgment of the trial court.

 In his first point of error, appellant urges that the trial court erred in admitting the
testimony of Irma Saavedra, the grandmother of the eight year old victim, because her testimony
did not come under the hearsay exception contemplated by article 38.072 of the Texas Code of
Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 38.072 (West Supp. 1996). More
specifically, appellant contends that the State failed to comply with the following requirements of
section 2(b):



(b) A statement that meets the requirements of Subsection (a) of this article is
not inadmissible because of the hearsay rule if:


 (1) on or before the 14th day before the date the proceeding begins, the
party intending to offer the statement:


 (A)  notifies the adverse party of its intention to do so;

 (B)  provides the adverse party with the name of the witness
through whom it intends to offer the statement; and

 (C)  provides the adverse party with a written summary of the
statement;


 (2) the trial court finds, in a hearing conducted outside the presence of
the jury, that the statement is reliable based on the time, content,
and circumstances of the statement; and


 (3) the child testifies or is available to testify at the proceeding in court
or in any other manner provided by law.



Id. § 2(b).

 On September 13, 1994 (trial began on October 25, 1994), "State's Notice of Intent
to Offer Outcry Evidence" was sent by certified mail to counsel for appellant. The summary of
the outcry statement recited that the State intended to offer the testimony of Saavedra that the
victim asked her why the baby's penis was so small. When Saavedra asked where she learned the
word, the victim told her that she learned the word from her "daddy" (appellant was her step-father) that she had been touching her daddy's penis at nighttime, and that he had rubbed his penis
against her private.

 Appellant urges that there was non-compliance with article 38.072 because the
incorrect cause number was on the notice and because the trial court failed to make a finding that
the hearsay statement was reliable based upon its time, content and circumstances. The notice of
intent to introduce the outcry statement showed the cause number of the original indictment rather
the cause number of the subsequent indictment upon which trial was had. The offense, the date
of the offense, the name of the accused, and the name of the victim were the same in both
indictments. After appellant objected that the proffered outcry statement was hearsay, the trial
court held a hearing out of the presence of the jury. At the conclusion of the hearing, appellant
urged that the statement was not admissible under Garcia v. State, 792 S.W.2d 88 (Tex. Crim.
App. 1990). The trial court ruled that the outcry statement was admissible under "[t]he common
law rule, and the statutory rule; and all those come into play, not just the statute."

 In Garcia, the court held that a statement about the offense under article 38.072
means more than a general allusion to sexual abuse. Id. at 91. On appeal, appellant relies on
Long v. State, 800 S.W.2d 545 (Tex. Crim. App. 1990). In Long, the trial court admitted outcry
testimony over the defendant's hearsay objection without holding a hearing on its admissibility
out of the jury's presence. The Court of Criminal Appeals held that the general hearsay objection
preserved the defendant's complaint on appeal that the trial court failed to hold a hearing to
determine whether the statement was reliable pursuant to the requirements of article 38.072. Id.
at 548. The court stated that the basis of the hearsay objection should have been apparent from
the context in which it was raised and stated that "where the objection was raised immediately
before the [witness] began to testify as to what her daughter told her, we cannot imagine that the
trial court somehow failed to comprehend the nature of [the defendant's] hearsay complaint." Id. 


 The general rule is that an objection must be sufficiently specific in order to inform
the trial judge of the basis of the objection and afford opposing counsel the opportunity to remove
the objection or supply other testimony. Zillender v. State, 557 S.W.2d 515, 517 (Tex. Crim.
App. 1977). Unlike Long, appellant's objection was not such as to make it apparent to the trial
court that appellant's complaint was about insufficient notice as the result of the wrong cause
number on the notice; nor does the point urged on appeal correspond to the objection made in the
trial court. Nothing is presented for review. See Thomas v. State, 723 S.W.2d 696, 700 (Tex.
Crim. App. 1986).

 We do not find any merit in appellant's contention that the trial court failed to make
an explicit finding that the outcry statement was reliable. Appellant did not make this objection
in the trial court. In Villalon v. State, 805 S.W.2d 588 (Tex. App.--Corpus Christi 1991, no pet.),
no objection was made to the trial court's admission of an outcry statement without making an
express finding of its reliability. The court found that the trial "court implicitly made such a
finding by admitting the evidence." Id. at 591. Appellant's first point of error is overruled.

 In his second point of error, appellant asserts that the trial court erred in overruling
his motion for mistrial when a witness mentioned in the presence of the jury that appellant was
on parole in violation of the trial court's order granting his motion in limine. Maria Caughorn,
estranged wife of appellant and mother of the victim, was asked by the prosecutor if she had any
conversations with appellant about moving back to Chicago and answered: "We had -- we have
talked about it a lot. I've always wanted to move back to Chicago, but he'd say that he couldn't
because he was on parole and he couldn't leave." The trial court instructed the jury to not
consider the answer to the question for any purpose whatsoever. Appellant's motion for mistrial
was overruled. 

 We find Smith v. State, 646 S.W.2d 452 (Tex. Crim. App. 1983), cited by
appellant, distinguishable from the instant cause. In Smith, the defendant was arrested on an
offense unrelated to the primary offense of aggravated robbery. Arrest occurred when a woman
ran from the defendant's vehicle toward a patrol car complaining that the defendant had robbed
her and attempted to rape her. Id. at 454. Over the defendant's objection, and in violation of a
motion in limine, the arresting officer was allowed to testify about the accusations of robbery and
rape which the court found to be completely unrelated to the primary offense. Id. at 455. 
Moreover, the declarant, who did not testify, was shown to have recanted her charges of robbery
and rape, but the jury was not informed of this. Id.

 In Hughes v. State, 878 S.W.2d 142 (Tex. Crim. App. 1992), the officer witness
was asked if she knew who the defendant had called from the interview room. The officer
answered that she did not know, but the defendant told her he had called "his boss and his parole
officer." Id. at 154. The trial court instructed the jury to disregard. The defendant contended
that the instruction was insufficient to cure the error because he had never been on parole and the
comment indicated that he had at least one prior conviction. The court held that while the
unresponsive answer was undoubtedly inadmissible, it "was not so inflammatory as to undermine
the efficacy of the trial court's instruction to disregard it." Id. In the instant cause, we hold that
the trial court's instruction to disregard was sufficient to cure the complained of unresponsive
answer.

 Moreover, appellant also testified at the guilt-innocence stage of the trial that he
had been convicted of aggravated robbery, three counts of burglary of a habitation, possession of
explosives, sexual assault, and that he was currently on parole. Assuming, arguendo, that the trial
court's instruction was insufficient to cure the error, we find beyond a reasonable doubt that the
complained of answer made no contribution to the conviction or the punishment. See Tex. R.
App. P. 81(b)(2). Appellant's second point of error is overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

Before Chief Justice Carroll, Justices B. A. Smith and Davis*

Affirmed

Filed: February 28, 1996

Do Not Publish


* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1.   Appellant expressly waived his third point of error, listed in his brief as point of error two.




in the trial court. In Villalon v. State, 805 S.W.2d 588 (Tex. App.--Corpus Christi 1991, no pet.),
no objection was made to the trial court's admission of an outcry statement without making an
express finding of its reliability. The court found that the trial "court implicitly made such a
finding by admitting the evidence." Id. at 591. Appellant's first point of error is overruled.

 In his second point of error, appellant asserts that the trial court erred in overruling
his motion for mistrial when a witness mentioned in the presence of the jury that appellant was
on parole in violation of the trial court's order granting his motion in limine. Maria Caughorn,
estranged wife of appellant and mother of the victim, was asked by the prosecutor if she had any
conversations with appellant about moving back to Chicago and answered: "We had -- we have
talked about it a lot. I've always wanted to move back to Chicago, but he'd say that he couldn't
because he was on parole and he couldn't leave." The trial court instructed the jury to not
consider the answer to the question for any purpose whatsoever. Appellant's motion for mistrial
was overruled. 

 We find Smith v. State, 646 S.W.2d 452 (Tex. Crim. App. 1983), cited by
appellant, distinguishable from the instant cause. In Smith, the defendant was arrested on an
offense unrelated to the primary offense of aggravated robbery. Arrest occurred whe