TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00276-CR






George Foreman, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 980076, HONORABLE CHARLES F. CAMPBELL, JR., JUDGE PRESIDING







 A jury convicted appellant of indecency with a child by contact and indecent
exposure, and the judge assessed punishment at ten years' imprisonment for the first offense and
180 days in jail for the second. Tex. Penal Code Ann. §§ 21.11(a)(1), .08 (West 1994).

 Appellant contends in his first two points of error that the district court erred in
admitting inculpatory statements he made to a counselor at a veterans center and to a Veterans
Administration psychiatrist. He contends his statements were not admissible under the rules of
evidence because they were made to persons involved in treatment or examination of alcohol or
drug abuse. (1) His third point of error complains of the district court's admission of the
complainant's statements about the offenses to her counselor; he contends that the counselor was
not the first adult to whom she told her story and therefore was not the proper outcry witness.


Factual Background 

 A.N. is a child born in 1985 and, at the time of the offense, she was related to
appellant through her mother's marriage to a relative of appellant's. Appellant was born in 1948,
and A.N. called him "Uncle Rodney." In April of 1996, A.N. was participating in a program to
help her resolve some behavioral problems. During this treatment, she told the counselor that she
had been molested by an uncle a couple of years earlier. The counselor spoke to the child and her
mother and learned that the uncle's name was George Rodney Foreman. The child gave more
details about the offense and said that when she was about eight or nine years old she was at his
home and sat on his lap to learn how to use the computer. He told her to spread her legs and he
rubbed her vagina and started breathing hard. A week or so later she was at his house again, as
were some cousins. On this occasion, appellant took a shower, dried off, and, wearing only a
towel around his waist, came into the bedroom where A.N. and a female cousin were playing. 
The towel dropped off, and appellant stood and looked at the girls. A.N. saw his penis.

 In July of 1996, appellant telephoned a counselor he knew at a veterans center and
asked whether the center could help with problems that were not related to the military. Appellant
told the counselor that his family had learned that he had been fondling a niece. Appellant met
with a psychiatrist shortly thereafter and told him about the child abuse. Both appellant's 
counselor and psychiatrist were called to testify at trial and they related what appellant had told
them about the child abuse.


Admissibility of Appellant's Statements 

 In points of error one and two, appellant contends that the district court erred in admitting
into evidence the testimony of Jerry Sharp, a counselor at a veterans center, and of Dr. Gregory
Vagshinian, a Veterans Administration psychiatrist, each of whom appellant told of abusing his
niece. Appellant objected to the admission of their testimony on the ground that the statements
were protected from disclosure by rule of evidence 509(b) which provides:


 Limited Privilege in Criminal Proceedings. There is no physician-patient
privilege in criminal proceedings. However, a communication to any person
involved in the treatment or examination of alcohol or drug abuse by a person
being treated voluntarily or being examined for admission to treatment for alcohol
or drug abuse is not admissible in a criminal proceeding. 



Tex. R. Evid. 509(b). (2)

 We review a court's ruling on the admissibility of evidence under an abuse of
discretion standard. Green v. State, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996). We will
not reverse such a ruling so long as it falls "within the 'zone of reasonable disagreement.'" Id. at
102 (quoting Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g)).
Moreover, error may not be predicated upon a ruling which admits or excludes evidence unless
a substantial right of the party is affected. See Tex. R. Evid. 103(a).

 The district court held a hearing outside the presence of the jury regarding the
admissibility of the testimony of the two witnesses and the applicability of the evidentiary rule
quoted above. The counselor, Jerry Sharp, testified that he was aware that appellant had sought
and obtained treatment through the Veterans Administration in the past for alcohol and drugs, but
said that he had never treated appellant for alcohol or drug abuse. Sharp's assessment of the
problem that appellant sought help for on this occasion was pedophilia and the resulting depression
because his family had found out about it. Sharp was aware that appellant had been treated
previously on an outpatient basis for posttraumatic stress disorder and a bipolar disorder. Doctor
Vagshenian testified that on July 15, 1996, the date appellant came for assistance and mentioned
the incident of child abuse, he was treating appellant for posttraumatic stress disorder. The doctor
said that since appellant had previously been treated for substance abuse, that condition was always
an issue for consideration and that he had examined appellant on that subject but determined that
his substance abuse was in remission on that occasion. The doctor testified that there was no
active treatment for substance abuse on that date.

 The record contains no evidence that appellant went to either the counselor or the
psychiatrist seeking treatment for substance abuse nor that they examined him for admission into
a substance abuse treatment program. Appellant's prior history of substance abuse was one factor
considered in the doctor's overall examination, but was not a primary or even a major concern. 
The issue of whether the privilege applied in such a case where a sex offender also had substance
abuse problems was considered in Tatum v. State, 919 S.W.2d 910 (Tex. App.--Fort Worth 1996,
no pet.). Tatum was convicted of aggravated sexual assault of his daughter and indecency with
a child. During the punishment phase of that trial, the State offered testimony of a sex-offender
counselor concerning statements the defendant had made during his counseling sessions about his
sexual deviancy and other sexual offenses he had committed, such as molesting his young sister
and raping his drunk and incoherent mother. Tatum's trial counsel did not object to this
testimony, and Tatum complained on appeal that failure to do so was ineffective assistance of
counsel. Tatum and other defense witnesses testified at punishment that the sexual assault was out
of character for him, and that his only problem was alcohol consumption. Tatum contended that
alcohol was the catalyst of his problem and that giving it up would solve all his problems. The
counselor testified that test assessments conducted by another person indicated that Tatum did have
an alcohol problem, but she did not prescribe a course of treatment for his alcoholism. She
acknowledged that he was transferred to another group and that the transfer may have been for
treatment of his alcohol problem. The court held that Tatum's attorney was not ineffective for not
objecting to this testimony because the privilege is limited to situations involving alcohol or drug
abuse and, although Tatum asserted that beer was the root of his problem, he had sought
counseling as a sex offender and not for alcohol or drug abuse. The instant case is similar in that
appellant had problems with substance abuse in the past but there was no evidence that he was
seeking help for that particular problem when he told the two witnesses about his acts of child
abuse.

 The district court sought detailed information at the hearing below on whether
substance abuse was a factor or focus in these two communications, determined that it was not,
and overruled the objections. We cannot say that the district court abused his discretion in these
rulings. Points of error one and two are overruled.


Who Was the Outcry Witness?


 Appellant contends that the district court erred in admitting the testimony of a
counselor at the Travis County Mental Health and Mental Retardation Children's Mental Health
Services, James Kennedy, as the outcry witness under article 38.072 of the Code of Criminal
Procedure. This provision applies in child sexual abuse cases and makes admissible the testimony
of the first adult the child tells about the offense. Tex. Code Crim. Proc. Ann. art. 38.072 (West
Supp. 1999). Appellant argues that the complainant first told her mother and stepfather about the
offenses and therefore the statute cannot apply to admit the counselor's testimony.

 In accordance with article 38.072 of the Code of Criminal Procedure, the district
court conducted a hearing outside the presence of the jury to determine whether Kennedy was
authorized to testify regarding A.N.'s outcry. See Tex. Code Crim. Proc. Ann. art. 38.072,
§ 2(a)(2) (West Supp.1999). A.N. told Kennedy that an uncle had abused her on separate
occasions by fondling her genitals and, at another time, exposing himself to her. A.N. testified
that the first persons she told that this had happened were her mother and stepfather. She said that
she told them about it when they were on a vacation in California and they were all in a hot tub. 
However, A.N.'s mother and stepfather both testified that neither had any memory of A.N. ever
saying anything about appellant abusing her. Her mother testified that A.N. may have told her
of the abuse, but "I was sick at the time and I don't remember a lot of that trip." (3)

 This is an issue of first impression. We have not been referred to any authority,
nor have we found any, interpreting the meaning of the statute's term "the first person, 18 years
of age or older, other than the defendant, to whom the child made a statement about the offense," 
when the facts show that the first person the child testifies she told can not, or does not want to,
remember the child making any statement at all. Appellant and the State refer us to Garcia v.
State, 792 S.W.2d 88 (Tex. Crim. App. 1990). In Garcia, the complainant was a first-grader
who, in response to the teacher's inquiry to the class concerning whether anyone had touched their
private parts or had treated them in a bad way, told her teacher that she had problems at home
about what the teacher had just discussed. The teacher talked to her privately, and then took her
to the principal's office, and shortly thereafter the child spoke to Herman Muniz, a child protective
specialist with the Texas Department of Human Services. At trial, the State presented Muniz as
the outcry witness under article 38.072. The defendant objected that the first person the child had
told about the matter was not Muniz, but her teacher. The trial court overruled the objection and
the court of appeals affirmed the district court.

 In affirming the court of appeals, the court of criminal appeals first recited the
pertinent provisions of the Code of Criminal Procedure, placing emphasis on the portion to be
construed:

 "Sec. 2(a). This article applies only to statements that describe the alleged
offense that:


(1) were made by the child against whom the offense was allegedly committed; 
and


(2) were made to the first person, 18 years of age or older, other than the
defendant, to whom the child made a statement about the offense."



Garcia, 792 S.W.2d at 91(emphasis in original).

 The court's interpretation of the pertinent phrase is set out at length:


 This Court interprets the above highlighted portion of the statute to mean
that the outcry witness must be the first person, 18 years old or older, to whom the
child makes a statement that in some discernible manner describes the alleged
offense. We believe that the statement must be more than words which give a
general allusion that something in the area of child abuse was going on. In picking
the particular wording of the "first person" requirement, the legislature was
obviously striking a balance between the general prohibition against hearsay and
the specific societal desire to curb the sexual abuse of children. See generally Ohio
v. Osborne, 495 U.S. 103, 110 S. Ct. 1691, 109 L. Ed. 2d 98 (1990). That
balance is the focal point of our analysis. The portion of the statute catering to the
hearsay prohibition demands that only the "first person" is allowed to testify. But
the societal interest in curbing child abuse would hardly be served if all that "first
person" had to testify to was a general allegation from the child that something in
the area of child abuse was going on at home. Thus, we decline to read the statute
as meaning that any statement that arguably relates to what later evolves into an
allegation of child abuse against a particular person will satisfy the requisites of
Sec. 2(a)(2). The statute demands more than a general allusion of sexual abuse.


 . . . .


 . . . . In order to be designated as the outcry witness by the trial court, one
element that must be clearly shown by the evidence is that the victim described the
offense to that witness.



Garcia, 792 S.W.2d at 91.

 Several cases have addressed who is the proper outcry witness in a child abuse case. 
Most have been resolved by application of the principle in Garcia that more than a general allusion
of abuse is required, and that the statement given must provide sufficient detail to specify the
offense alleged. See Campos v. State, 977 S.W.2d 458, 460-61 (Tex. App.--Waco 1998, no pet.)
(teacher was outcry witness when six-year-old child told mother of abuse, then three years later
told teacher that defendant had touched her privates "last year"; court held complainant was
reporting instances separate in time); Reed v. State, 974 S.W.2d 838, 841-42 (Tex. App.--San
Antonio 1998, pet. ref'd) (father was proper outcry witness when girls told him how, when, and
where neighbor had touched them, although child-protective-service worker took more detailed
statements next day); Hinds v. State, 970 S.W.2d 33, 35 (Tex. App.--Dallas 1998, no pet.)
(mother proper outcry witness where complainant first told counselor in general terms, but gave
mother more detail later); Hayden v. State, 928 S.W.2d 229, 231 (Tex. App.--Houston [14th
Dist.] 1996, pet. ref'd) (child-protective-service worker proper outcry witness although
complainant first told school counselor of abuse, since no evidence that child gave counselor
details of offense); Turner v. State, 924 S.W.2d 180, 183 (Tex. App.--Eastland 1996, pet. ref'd)
(police officer proper outcry witness where complainant first told counselor of digital penetration,
and later told police of penile penetration, the offense charged); Ford v. State, 908 S.W.2d 32,
36 (Tex. App.--Fort Worth 1995, pet. ref'd) (mother proper outcry witness to abuse of son, even
though daughter first told teacher of defendant's abuse of both children); Norman v. State, 862
S.W.2d 621, 625-26 (Tex. App.--Tyler 1993, pet. ref'd) (child-protective-service worker proper
outcry witness since she was present when child told of intercourse, although child first told
grandmother of other acts); Schuster v. State, 852 S.W.2d 766, 768 (Tex. App.--Fort Worth
1993, pet. ref'd) (psychologist proper outcry witness even though complainant told mother first,
but child was so upset no details were related).

 In Villalon v. State, 805 S.W.2d 588, 592-93 (Tex. App.--Corpus Christi 1991,
no pet.), a school counselor testified as the outcry witness over defendant's objection that the
mother had first seen blood on complainant's panties, which the child explained to her mother as
caused by eating lemons. The mother testified that the child had not told her anything about what
happened. Citing Garcia, 792 S.W.2d at 91, the court said that the outcry witness as
contemplated by the statute is "the person to whom a child makes a statement that in some
discernible manner describes the alleged offense. The statute demands more than a general
allusion of sexual abuse. The victim's statement to her mother regarding 'eating lemons' does not
even rise to the level of a general allusion of sexual abuse." Villalon, 805 S.W.2d at 593
(citations omitted).

 These cases establish the difficulty that can arise in identifying the proper outcry
witness, and the broad discretion of district courts in making this determination. See Garcia, 792
S.W.2d at 92.

 After the hearing and before ruling on appellant's objection, the district court
observed, "[I]t seems to the Court that the outcry witness ipso facto has to be the first person who
can remember, relate what was actually said by the witness, because otherwise we would have no
need for an exception to the hearsay rule." We agree. In Garcia, 792 S.W.2d at 91, the court
of criminal appeals said that the legislature was balancing the general prohibition against hearsay
and the specific societal desire to curb the sexual abuse of children. The court went on to say that
"the societal interest in curbing child abuse would hardly be served if all that 'first person' had
to testify to was a general allegation from the child that something in the area of child abuse was
going on at home." Id. On the same basis, the societal interest in curbing child abuse would not
be served if we interpreted the statute to require that the "first person" could only be the person
to whom the child made outcry even though that person did not hear, did not remember, or did
not understand what the child was saying. We interpret the statute to mean that the "first person"
refers to the first adult who can remember and relate at trial the child's statement that in some
discernible manner describes the alleged offense. We hold that the district court did not abuse his
discretion in determining that the child's counselor was the proper outcry witness. Appellant's
third point of error is overruled.


Conclusion

 Having disposed of appellant's three points of error, we affirm the judgment of the
district court.



 

 Lee Yeakel, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: June 17, 1999

Publish
1. Appellant relied upon Criminal Rule of Evidence 510, which now appears as Rule 509(b)
of the Rules of Evidence, effective March 1, 1998. We will cite the current Rule for convenience.
2. A similar statutory provision is in the Code of Criminal Procedure. See Tex. Code Crim.
Proc. Ann. art. 38.101 (West 1979).
3. A.N.'s mother testified during the defense's case that she was high on cocaine and
methamphetamine "ninety-nine percent of the time" on this trip, and that her husband Danny also
took drugs on the trip.



[14th
Dist.] 1996, pet. ref'd) (child-protective-service worker proper outcry witness although
complainant first told school counselor of abuse, since no evidence that child gave counselor
details of offense); Turner v. State, 924 S.W.2d 180, 183 (Tex. App.--Eastland 1996, pet. ref'd)
(police officer proper outcry witness where complainant first told counselor of digital penetration,
and later told police of penile penetration, the offense charged); Ford v. State, 908 S.W.2d 32,
36 (Tex. App.--Fort Worth 1995, pet. ref'd) (mother proper outcry witness to abuse of son, even
though daughter first told teacher of defendant's abuse of both children); Norman v. State, 862
S.W.2d 621, 625-26 (Tex. App.--Tyler 1993, pet. ref'd) (child-protective-service worker proper
outcry witness since she was present when child told of intercourse, although child first told
grandmother of other acts); Schuster v. State, 852 S.W.2d 766, 768 (Tex. App.--Fort Worth
1993, pet. ref'd) (psychologist proper outcry witness even though complainant told mother first,
but child was so upset no details were related).

 In Villalon v. State, 805 S.W.2d 588, 592-93 (Tex. App.--Corpus Christi 1991,
no pet.), a school counselor testified as the outcry witness over defendant's objection that the
mother had first seen blood on complainant's panties, which the child explained to her mother as
caused by eating lemons. The mother testified that the child had not told her anything about what
happened. Citing Garcia, 792 S.W.2d at 91, the court said that the outcry witness as
contemplated by the statute is "the person to whom a child makes a statement that in some
discernible manner describes the alleged offense. The statute demands more than a general
allusion of sexual abuse. The victim's statement to her mother regarding 'eating lemons' does not
even rise to the level of a general allusion of sexual abuse." Villalon, 805 S.W.2d at 593
(citations omitted).

 These cases establish the difficulty that can arise in identifying the proper outcry
witness, and the broad discretion of district courts in making this determination. See Garcia, 792
S.W.2d at 92.

 After the hearing and before ruling on appellant's objection, the district court
observed, "[I]t seems to the Court that the outcry witness ipso facto has to be the first person who
can remember, relate what was actually said by the witness, because otherwise we would have no
need for an exception to the hearsay rule." We agree. In Garcia, 792 S.W.2d at 91, the court
of criminal appeals said that the legislature was balancing the general prohibition against hearsay
and the specific societal desire to curb the sexual abuse of children. The court went on to say that
"the societal interest in curbing child abuse would hardly be served if all that 'first person' had
to testify to was a general allegation from the child that something in the area of child abuse was
going on at home." Id. On the same